We find no error in the judgment of the court of common pleas, and the same is affirmed.

*Judgment affirmed.*

HAMILTON and CUSHING, JJ., concur.

THE UKRAINIAN AMERICAN BUILDING & LOAN ASSN. *v.* SZURAN.

(Decided October 12, 1931.)

*Mr. E. J. Kovanda,* for plaintiff in error.
*Messrs. Steuer, Briggs & Siegel,* for defendant in error.

VICKERY, J. This cause comes into this court on a petition in error to the municipal court of the city of Cleveland, the purpose being to reverse a judgment of the municipal court in sustaining a demurrer to a petition filed by the Ukrainian American Building & Loan Association, plaintiff below, asking for a new trial in the trial court on the

ground of newly discovered evidence, in a case that had been tried and judgment rendered more, than a year prior to that time.

The question here is a very simple one, as was the question before the trial court. The Ukrainian American Building & Loan Association had been sued by a man by the name of Demitro Szuran, defendant in error here, to recover certain money that he claimed the association owed him, and he founded his case upon two causes of action, one for a sum of about $2,000, and the other for a sum of two hundred and some odd dollars, and on the trial of the action a judgment was rendered for the defendant, the Ukrainian American Building & Loan Association, on the second cause of action, but for the plaintiff against the association on the first cause of action in the amount of about $2,500.

Within the proper time a motion for a new trial was filed, which motion was overruled. Error was prosecuted to this court to the overruling of the motion for a new trial for the various errors that were set up in the petition in error, and a bill of exceptions was filed in that action. The case in due time came on for hearing in this court, and the court having been fully advised in the premises affirmed the judgment. A motion for a rehearing was made, and if it was not overruled then, it will be now. Whereupon the Ukrainian American Building & Loan Association, claiming to have discovered new evidence which would probably have changed the result of the litigation had it been produced in court, filed a petition in the trial court for a new trial. That petition set up the time the judgment was rendered, which was in November, 1929; but the peti-

tion was not filed until May, 1931. So under the statute which provides that a suit of that kind must be brought within one year from the rendition of the judgment, a demurrer was filed, and, inasmuch as the petition on its face showed that suit was not brought within proper time, the demurrer was sustained.

The petition for a new trial contained something which was not germane to the subject, and that is that the defense had no adequate remedy at law, and, therefore, asked the equitable branch of the court to intervene in its behalf, and so claimed that the case was an equitable one that could be appealed to this court.

An appeal was filed in this court, and on motion of the defendant, the case not being appealable, this court dismissed the appeal, and that judgment of dismissal has never been reversed or modified. Whatever was done in that appeal case, the court now can do nothing. A petition in error was likewise filed under the statute and that is the case now before the court.

The Ukrainian American Building & Loan Company had a legal remedy, had it been used in time, and merely because it was not used in time does not authorize the Ukrainian Association to go into a court of equity; but if it goes into a court of equity, it must go in a direct way. I am not saying that it could go in, but I am saying that this is a sort of indirect attack upon the judgment. If it could avail itself of the equitable right of redress, it must sue for the money that it wrongfully paid, and then set up the various grounds which prevented it from introducing its testimony, if it had

any. But when it availed itself, or could have availed itself, of a statutory remedy in filing a petition after term for a new trial, the statute gave it a right, but limited it in the exercise of that right. But the mere fact that it did not file it in time does not justify it in appealing to equity in that petition.

Equity does not give any rights where the party had a right at law and failed to avail himself of that right. Equity follows the law, and the mere fact that an injustice has been perpetrated does not mean that any time in the lifetime of the litigants, and thereafter, the decision of the courts can be upset by the so-called "justice" rule. Justice is best administered when the decisions of the courts follow the law. Otherwise justice would be the feeling of the court in any particular case, and one judge not having the same sort of notion that another judge had, the administration of justice would be as vacillating as the tempers of man. The only way to administer justice is to follow the law, and our Legislature and our courts have tried to give redress in law for every wrongful action where damage results, but it must be procured in accordance with the principles and rules laid down by the Legislature and the courts. It would be a very bad day for the administration of the law if the "justice" rule would prevail irrespective of the legal rights of the parties.

As the Supreme Court of Ohio said in the case of *Michael* v. *American Natl. Bank,* 84 Ohio St., 370, 95 N. E., 905, 38 L. R. A. (N. S.), 220, there must be an end to litigation, and, though sometimes parties suffer a hardship, it is better in the long run that litigation end some time, in order that the par-

ties may know what their rights are; and they cannot be disturbed long after there has been a decision of the court, just because an injustice happened to be worked.

Generally speaking, following the law results in justice, and not following the law makes justice seem rather "an uncertain jade."

Taking this whole record together, we cannot but say that the court below was right in sustaining the demurrer to this petition.

There being no other errors urged except those that I have discussed, the judgment of the court below will be affirmed.

*Judgment affirmed.*

LEVINE, P. J., and WEYGANDT, J., concur.