**RAUCH v IMMEL et**

Ohio Appeals, 4th Dist, Athens Co

Decided April 15, 1936

Jones, Jones & Erskine, Athens, for appellee.

Gordon B. Gray, and Charles D. Fogle, Marietta, for appellants.

**OPINION**

By MIDDLETON, PJ.

We do not regard it necessary in disposing of this case to call attention to all of the facts in evidence or to the various contentions of the parties in respect to the facts. It is our conclusion that under certain admitted facts the rights of the parties herein may be definitely determined.

It appears from the record that on March 25, 1931, Abdul W. Immel and George R. Immel brought an action against Harry W. Leeper, Frank X. Rouch, Fred G. Sands, Fred D. Forsyth and the Leeper Craig Company as defendants in the Court of Common Pleas, which action was duly numbered as No. 14826. Service of summons was made upon the parties named and as named, as shown by the return of the sheriff, except in the case of Rouch whom it appears from the return was named therein as Rauch which was the proper spelling

of his name and as it appears as plaintiff in the petition herein. To this petition no answer was filed by any of the parties named as defendants and so served, and no attention of any kind was given by any of the defendants to the action. The record shows that Rauch employed an attorney and that he consulted that attorney in regard to the action against him. The attorney testified as a witness in this proceeding, as follows:

"In case No. 14826, Court of Common Pleas of Athens County, Ohio, no answer was filed on behalf of the defendants for the reason that the defendants' names were incorrectly named in that action and it was deemed at that time not necessary to file an answer for the respective defendants to that petition."

Keeping in mind the fact that this witness was Rauch's attorney it further appears that by reason of the fact that nothing was done by any of the defendants and no defense was made to the action, the court on May 7, 1931, .entered a default judgment against Frank X. Rouch and the other defendants named in the cause in the sum of $1,149.28.

The foregoing facts, in the judgment of this court, establish beyond any dispute such indifference on the part of Rauch or his attorney that if all of the other facts claimed by Rauch in this action were established they would preclude a court of equity granting him the relief he demands here.

Now briefly referring to the record again, it shows that an execution was issued on this judgment on July 15, 1931, and this execution was returned by the sheriff with the endorsement that there was found no Frank X. Rouch in this county.

Without further attention to what immediately transpired the record discloses that on August 31, 1931, and during the May term which had not adjourned, the Immels filed a second action and in this second action the names of all the parties named in the first action were correctly spelled, and the matter contained in the first action was pleaded and all the items named in the petition in the first action were contained in the second action. The issues were made up in the second action and it remained pending in the Court of Common Pleas until March 21, 1934, when it was dismissed by the plaintiffs without prejudice to a new action. Rauch then instituted the instant case in which he claims

that the protracted continuance of the case was by the fault of the Immels and he was deceived by them and their attorney and in consequence of such deception did not attack the first judgment. Turning to the evidence in support of this contention we find the attorney heretofore referred to testifying as follows, the witness referring to the last case:

"As I remember, it was some time before I filed the answers because I was a little concerned over the case at the time because of the fact that I was attempting to determine whether or not I should go in and file some procedure, some motion or otherwise, to set aside what I term the purported judgment that was rendered in May prior to the time I was filing an answer in this case and I believe my memory serves me correctly it was prior to the time I filed an answer in this case for Mr. Rauch."

It thus appears from the testimony of the legal representative that in this second action he was undecided as to what procedure to take, and that he then understood that he could in that action by an answer to the petition attack the first judgment which was, as before observed, rendered by default. He did not, however, attempt in his pleading to in any way attack the proceedings in the first case and finally the opportunity was gone when the case was dismissed by the Immels without prejudice to another action.

The instant case seeks to enjoin the now owners of the original judgment from attempting its collection, and the court below granted that injunction upon the ground that the owners of that judgment by their deception and delay were estopped from collecting the first judgment.

Referring again to the attorney for Mr. Rauch we find him testifying as follows:

"Q. Is there anything else you want to say about this case? A. I wish to state to the court that as attorney for Mr. Rauch and under the authority he had given me prior to the time I had been employed as Mr. Rauch's attorney in both of these matters that I relied upon the conduct of Mr. Fogle and upon the different conversations that I had with him to the effect that he never considered the first judgment as a valid judgment and for that reason, of course, made no application to this court by motion to set aside or otherwise to set aside the first judgment. I meant to give

the court the impression not from what Mr. Fogle said to me but his acts subsequent to the time the judgment was taken in filing the second action and not attempting to enforce the former action and by his conduct subsequent to the taking of the first judgment that I was led to believe that he did not consider the first judgment as a valid judgment.

"Defendant moved the court to exclude the last foregoing answer.

"Motion overruled, to which ruling of the court defendant at the time excepted."

Other than the bringing of the second suit and its dismissal, and the statement of the attorney as aforesaid and his acts in obstructing, as claimed by the attorney for the plaintiff, any disposition of the second cause or trial or hearing of any sort, we do not find from the record any definite proof of any further alleged grounds for an estoppel.

Rauch under the record had two opportunities to attack the judgment of which he now complains. First, by answer to the petition in the first suit, and secondly by answer to the petition in the second and last suit. He chose to avail himself of neither of the opportunities thus afforded to him.

It is said in the second paragraph of the syllabus in **Ukranian American Bldg. & Loan Assn. v Szuran, 40 Oh Ap 242, (11 Abs 231) 178 NE 592**: "Equity does not give any rights where party had right at law and failed to avail himself of right."

This rule is so well established that it may be regarded as one of the primary laws in the administration of equitable relief. Equity follows the law and it would be difficult indeed to find a more striking example of the utter disregard of this fundamental rule than is found in the instant case. It is too late now for Rauch, who has wholly failed to avail himself of his legal rights in at least two actions, to now appeal to a court of equity for relief.

In the Court of Common Pleas it was determined as one of its conclusions of law that the name of Frank X. Rouch and Frank X. Rauch are idem sonans, that is, sounding the same. From the record we have reached the same conclusion in respect to this particular question. In 19 Ruling Case Law, 1334, it is said:

"The use of a name is merely to designate the person intended; and that object is fully accomplished when the name given to him has the same sound with his true name. Hence in legal proceedings a mistake in spelling the name of a party is immaterial if both modes of spelling have the same sound. This doctrine as applied to slight variations in spelling has been placed on the ground of de minimis non curat lex. The test is always whether the sound of the variant spelling is the same. Names are idem sonans if the attentive ear finds difficulty in distinguishing them when pronounced, or common and long continued usage has by corruption or abbreviation made them identical in pronunciation."

We are doubtful if the petition in the instant case, in view of the doctrine of idem sonans and the facts developed in the hearing of the case, states a good cause of action against the Immels and Charles D. Fogle and Gordon B. Gray whom the record shows are now joint owners of the judgment in No. 14826.

The petition is the fourth amended petition, and the record of the various pleadings which preceded and what disposition was made of them is very voluminous. At any rate, Rauch has shown nothing in the instant procedure in the evidence or the record of prior proceedings in the court which can in any way relieve him from the validity of the judgment rendered against him in cause No. 14826, and it is our conclusion that this court must not only dismiss his petition herein but also find and hold that the judgment aforesaid in No. 14826 is a valid and subsisting judgment against him.

Injunction denied and petition dismissed.

BLOSSER and McCURDY, JJ, concur.