FERRARO v. ARTHUR M. ROSENBERG CO. INC., OF NEW HAVEN, CONN.

No. 296.

Circuit Court of Appeals, Second Circuit.

June 26, 1946.

Stoddard, Persky & Eagan, of New Haven, Conn., for defendant-appellee.

James F. Rosen, of New Haven, Conn., for plaintiff-appellant.

Before L. HAND, SWAN and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The appellant is a tailor who was employed as a fitter by the appellee, the Arthur M. Rosenberg Company, Inc., of New Haven, Conn., during the period from March 4, 1939 to November 5, 1942, inclusive. His duties required him to travel at times to work in cities outside of Connecticut and his hours of work were irregular. He was paid at first $35 per week. His weekly rate was increased $5 upon three occasions making it $50 at, and for some time before, the date his employment ended. He was paid only his regular weekly wages regardless of overtime.

He sued the appellee in the District Court for the District of Connecticut on February 24, 1943 to recover overtime compensation, liquidated damages and a reasonable at-

torney's fee under §§ 7(a) and 16(b), of the Fair Labor Standards Act, 29 U.S.C.A. §§ 207(a) and 216(b). In response to a motion by the appellee, his attorneys filed a bill of particulars which included an itemized statement of each day and hour he worked during the 192 weeks he was employed, where his services were performed, the amount of overtime worked each day and the overtime compensation he claimed, computed at $823.09 following Paragraph 12 of Interpretive Bulletin No. 4 issued in November 1938 and revised in December 1939 by the Department of Labor, Wages and Hours Division as a guide for the computation of the regular rate of pay and fluctuating number of hours. The appellee did not answer and on July 18, 1944 the appellant moved for a default and for a hearing on the question of damages. The default was entered. Nothing more was done for nearly eight months when the appellant, who had meanwhile discharged his first attorneys, by another attorney moved, in reliance upon Federal Rules of Civil Procedure, rule 55(c), 28 U.S.C.A. following section 723c, to open the default and for leave to amend his bill of particulars. This was heard on April 6, 1945. It was not held that the motion was barred by the six months limitation of Rule 60(b) and apparently it was not since no judgment had been entered. No excuse for the delay having been shown, however, but merely the appellant's dissatisfaction with his former attorneys as to whom there was no proof whatever of inattention to their duty to their client, or of incompetence, or of fraud, the court found that good cause had not been made to appear and denied the motion because of the long and unexplained delay in making it. He pointed out that the appellant might "apply to the court under Rule 55(b) (2) for a judgment in conformity with his original and still effective, bill of particulars." The appellant then moved "for a hearing in damages in order that the Court may enter judgment in conformance with Rule 55(b) (2) of the Rules of Civil Procedure, for the District Court of the United States."

At this hearing the court permitted the appellant to testify that his contract of employment to the appellee was for a workweek of 48 hours but later on motion struck out this testimony. Following that, the attorney for the appellant was heard at considerable length in his effort to obtain a reversal of that ruling in order to secure an assessment of the overtime compensation upon the basis of a regular 48 hour workweek instead upon irregular hours in accordance with the bill of particulars on file. The judge declined to reconsider and gave his reasons as follows:

"We'll adhere to my decision. It is not necessary for me to rule on your claims of law, because it appears to me that your claims of law are not predicated upon the proof of fact, or claim of fact which are disclosed in the pleading. It appears to me that the evidence received and then stricken is in substantial conflict with the Plaintiff's earlier allegations of fact and claims of fact which gave dimension to this controversy.

"Now, under the Federal Rules it is true that any inadvertence in the proof may be corrected at any time prior to judgment, but as to my earlier ruling, your earlier motions indicate this is not a case of inadvertence on the part of the Plaintiff. The Bill of Particulars which was submitted as a document, full of meticulous details, has all the earmarks of having been very carefully and thoughtfully prepared, and the Plaintiff's present testimony appears to me to be an effort to circumvent and obviate the effect of the earlier pleading.

"One of the chief objectives of the Federal Rules is expeditious litigation. If, after the Plaintiff brings his own case, in response to an adverse motion, and after deliberation makes his representations to the Court on that basis, and therefore decides whether he wants to make the mental change on the basis of his claims under the Federal Rule, he may do so, but he must act promptly, and as my earlier ruling indicates, after this Plaintiff formed a desire to change the basis of his case, he did nothing. If I should allow him now to contradict and obviate his own definition of this case as prepared under the guidance of a respected member of the bar of this

Court, I should be making an invitation to procedure that would make litigation practically without end.

"I feel, therefore, that the motion to strike was properly granted, and I will make this further observation: Even if the evidence had been left in, I should have been confronted with a conflict in the Plaintiff's own evidence. His complaint in the Bill of Particulars tells me one thing, and his belated testimony tells me another thing. Faced by that conflict, I should find his written evidence, the Bill of Particulars more persuasive than his oral evidence produced after further controversy had arisen, and I should have found on the basis of the written evidence rather than the oral evidence produced today. I should have reached that decision more easily because of the background of the case that I have from the former hearing. Counsel on both sides disclosed that after a settlement had practically been reached—been agreed upon, some further controversy between the parties arose over a detail relating to the settlement. That, to be sure, doesn't appear in the evidence today, but it was conceded by counsel at the prior hearing, so that may be taken into account, although I do not rely on that solely, but that evidence shows that counsel at an eleventh hour controversy, considerable hate and friction was engendered, as a result of which I view with great suspicion oral evidence produced at this late date which is in conflict with the earlier evidence. So all things, considered, am content to adhere to my ruling."

■■■ Rule 55(b) (2) provides, inter alia, for the entry of judgment by default by the court and for such hearings as may be necessary to assess the damages. Here there was no need for a hearing to assess provided the bill of particulars was not amended. That showed the exact amount due the appellant so long as he was bound by it. But for the need to fix a reasonable attorney's fee the clerk could have entered the judgment under Rule 55(b) (1). Whether the motion to lift the default and for leave to amend the bill was erroneously denied depends upon whether or not there was an abuse of discretion. Mobile Shipbuilding Co. v. Federal Bridge Etc. Co., 7 Cir., 280 F. 292, certiorari denied 260 U.S. 726, 43 S.Ct. 88, 67 L.Ed. 483; Tallman v. Ladd et al., 5 Cir., 5 F.2d 582. Though such a motion is usually made by the party against whom the default is entered, whoever makes the motion must show an adequate basis for it. Since we cannot say that the judge was clearly wrong in finding that good cause under Rule 55(c) had not been shown, no abuse of discretion was made out. It was the burden of the party who had obtained the default and allowed about eight months to elapse before trying to increase his recovery by means of a new attorney with different legal theories and a somewhat changed version of the facts previously deliberately relied on to place his attempt firmly on good cause. This appeal presents a situation which is, fortunately, not common. The trial judge was aware of the unusual circumstances which called for the sound exercise of his discretion to make it as sure as possible that no injustice was done anyone. We think he succeeded in so doing and in making it clear that he did not believe that the appellant's effort to escape the effect of his bill of particulars was justified by the circumstances and are content to let his judgment in that respect prevail.

■ At a later hearing to fix a reasonable fee the appellant's attorney again sought to raise the same question, this time by moving orally under Rule 60(a), Federal Rules of Civil Procedure, to correct "a clerical error in part of the record 'which arose' from oversight or omission." No clerical error was shown, however, and it changed nothing to call deliberate action accurately reflected in the record a clerical error for the purpose of attempting to invoke Rule 60.

■ The reasonable attorney's fee with actual and necessary disbursements was fixed and allowed at $751.40. It was based in part upon findings that the services of the original attorneys were reasonably worth $700 and those of the substituted attorney no more than $20. Again we find no abuse of discretion in the overall allowance. That seems fair and reasonable and the trial judge made no allocation of it between the attorneys and no award of it

to them as such. It is simply a part of the judgment recovered by this appellant to whom the attorneys must look for their pay. No attorney's fee is allowed on this appeal.

Judgment affirmed.