## ANDERSON v. BRADY et al.
### No. 4081.

District Court, E. D. Kentucky.

Feb. 12, 1947.

See also 5 F.R.D. 85.

Nichols, Wood, Marx & Ginter, of Cincinnati, Ohio, for plaintiff.

Jouett & Metcalf, of Winchester, Ky., for defendants.

SWINFORD, District Judge.

The Commercial Deposit Bank of Winchester, Kentucky, is the executor of M. Thomas McEldowney. McEldowney died the owner of 250 shares of Banco Kentucky stock. Suit was instituted February 19, 1936, against the executor in the name of Commercial Bank, executor of M. Thomas McEldowney. Process was served upon the Commercial Deposit Bank and due return was made. On October 18, 1944, judgment was had against the executor in the name given in the complaint, to wit; Commercial Bank, executor of M. Thomas McEldowney. No answer or plea had been filed by the bank. The plaintiff now offers amendment to correct the name of the bank to that of Commercial Deposit Bank. The bank objects to the filing of the amendment on two grounds. First, that the term of court at which the judgment was entered and all orders taken has long since expired, and that the Court now has no authority to permit the filing of the amendment. Second, that the misnomer is a matter of substance and not of form and that the defendant's failure to make timely objection to the incorrect name does not prevent its now resisting the filing of the amendment. The Court has read with interest and appreciation the excellent briefs filed by the defendant but cannot agree with the conclusions urged.

An extended discussion of the relative meaning of various rules and their dependence and compliment of each other would serve no useful purpose.

No one was mislead or deceived. The proper party was actually served with process. The Commercial Deposit Bank even though named as the Commercial Bank was the only executor of McEldowney. His estate, so far as the record discloses, owed the amount claimed as assessment on the shares of stock on which suit was instituted. Rule 6(c), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that the expiration of the term of court does not affect the power of the Court to do any authorized act in any civil action which has been pending before it.

Rule 60(a), Federal Rules of Civil Procedure, authorizes correction *at any time* of clerical mistakes in judgments or other parts of the record and errors therein arising from oversight or omission. United States v. Mayer, etc., 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129; Grannis v. Ordean, 234

U.S. 385, 34 S.Ct. 779, 58 L.Ed. 1363; 39 Am.Jur. 982, § 109; Bowles v. Marx Hide Co., D.C., 4 F.R.D. 297; University of Louisville v. Hammock, 127 Ky. 564, 106 S.W. 219, 14 L.R.A.,N.S., 784, 128 Am.St. Rep. 355; Studebaker Corporation of America v. Dodds & Runge, 161 Ky. 542, 171 S.W. 167.

It is therefore proper that the amendment be filed and an order to that effect is this day entered.