## CIRCUIT COURT OF SHENANDOAH COUNTY

In re Amanda Leona Warren

November 14, 1983

Case No. (Chancery) 2162

By JUDGE HENRY H. WHITING

In this case the Court terminated the residual parental rights of Crystal Warren in her daughter, Amanda Leona Warren, on August 15, 1983. At the time of termination Patsy Bickerstaff, Esquiress, represented Crystal Warren, the parent, but subsequently moved her office from Shenandoah County to Augusta County and the Court appointed R. Keith Richards, Esquire, as additional counsel for Crystal Warren. Mr. Richards filed the notice of appeal but inadvertently named the child, Amanda Leona Warren, as the appealing party instead of the mother, Crystal Warren. Mr. Richards now seeks to correct this oversight and counsel for the Welfare Department objects.

The notice of appeal is mandatory, Rule 5:6 and cases cited thereunder. Moreover Rule 1:1 precludes modification of the final order after twenty-one days. Relief is available *if* this error is one within the contemplation of Virginia Code § 8.01-428(B). While the appellant has described the error as "clerical," it does not appear to be "an error of transcription, copying or calculation." *Bershad* v. *McDonough*, 469 F.2d 1333 (7th Cir. 1972). However, it might be "an error [on the record] arising from oversight" as described in that statute. The term "clerical mistake" seems to be used in an expanded sense in both Section 8.01-428(B) and Federal Rule 60(a), from which this statute was taken. Both of them bear the title "Clerical Mistakes" and define them as "arising from oversight or inadvertent omission."

The Court has not found any Virginia cases on this point, but a number of Federal cases have dealt with the problem in construing Rule 60(a).

In *Anderson* v. *Brady*, 6 F.R.D. 587 (E.D. Ky. 1947), a plaintiff was permitted to amend a judgment against a defendant from "Commercial Bank, Executor of Thomas M. McEldowney" to "Commercial Deposit Bank, Executor of Thomas M. McEldowney" three years after the judgment as "clerical mistake" in part of the record arising from oversight or omission.

Thus the following omissions or deletions have been made in orders under this Rule: the insertion of a provision that child support be payable only while the child was in the jurisdiction, as the parties intended at the time, in *Jackson* v. *Jackson*, 276 F.2d 501 (D.C. Cir. 1960); deletion of the language of a dismissal "on the merits" where the Court only intended to prevent suit against a driver in a dismissal order but not against his employer, *Maryland* v. *Baltimore Transit Co.*, 38 F.R.D. 340 (D.C. Md. 1965); and insertion of pre-judgment interest where there was no dispute as to the entitlement and the Court omitted it in a direction to the clerk, *Hegger* v. *Green*, 91 F.R.D. 595 (S.D.N.Y. 1981); *contra Chicago & Northwestern Railway* v. *Union Packing Co.*, 527 F.2d 592 (8th Cir. 1976).

On the other hand, errors involving questions of law where the judge, clerk or lawyer intended to do what he did at the time but later decided that the prior conscious decision was a mistake have been held not to be errors correctable under Rule 60(a). For example, in *Ferraro* v. *Arthur M. Rosenberg Co.*, 156 F.2d 212, 214 (2nd Cir. 1946), the Court denied relief to a claimant who sought to amend a previously filed bill of particulars on a wage claim, denying it was a clerical error on the ground that the lawyer who filed the bill of particulars "very carefully and thoughtfully prepared [it] and now wants to make the mental change," in *Holcomb* v. *U.S.*, 622 F.2d 937, 943 (7th Cir. 1980), a lower court sought to eliminate its previous offsetting of a claim as an error held not to have been under Rule 60(a) since it was a judicial decision, consciously made and not a "clerical, mathematical, or other clearly demonstrable mistake, oversight or omission," and in *Scola* v. *Boat Frances R, Inc.*, 618 F.2d 147 (1st Cir. 1980), holding that a clerk's error in adding pre-judgment interest to a jury verdict

which was proper under the general law in the state as a matter of course but not with maritime tort, which this action was, was held an error of law requiring appeal since it was a deliberative act classified as an error in judgment.

One of the most interesting contrasts in the application of the Rule is seen in the case of *Blain* v. *Peters*, 194 F.2d 887 (D.C. Cir. 1952). In that case a motion for a new trial was denied by a District Court and the order was set aside on the ground that the motion had been "inadvertently" denied without describing the nature of the inadvertence. As the text writer pointed out:

> If the "inadvertent" denial resulted from confusion of this case with another case, or from the fact that the court signed one set of papers thinking it was signing another set of papers, then perhaps this "inadvertent denial" properly falls within the provisions of Rule 60(a). . . . If the denial of a motion for a new trial actually reflected the then intention of the court, which action upon later consideration was found to have been erroneous, then the denial was not an "oversight" or an "omission" within the meaning of Rule 60(a). Paragraph 60.06(4), page 4066, Moore on Federal Practice.

The rationale of all of this is that if the person making the error consciously reflected upon what he was doing at the time and simply misjudged the matter the only remedy is an appeal, but if the person's primary intent was to do one thing but he inadvertently did something else this would be either a clerical error or an error of omission or oversight.

Such mistakes and errors are not confined to those of the Court or its clerk but include counsel as well. This statute was so construed in *Dorn* v. *Dorn*, 222 Va. 288 (1981), permitting the correction of an attorney's drafting error in a decree as an "oversight" which could be corrected by a *nunc pro tunc* order. *Id.*, at 291. In an earlier case it was contended that the error must be that of the judge or a clerk. That contention was expressly rejected in *Lamb* v. *Commonwealth*, 222 Va. 161, 164 (1981), in correcting a court reporter's error in a transcript.

Applying these principles to this case, it thus appears that the error was probably one of omission, not strictly clerical. If Mr. Richards told his secretary to insert the name of the child in the notice of appeal, he actually intended to give the name of his client but through oversight mistakenly named someone else. The mistake is sufficiently clear and apparent from the record, *cf.*, *Blankenship* v. *Royalty Holding Co.*, 302 F.2d 77 (10th Cir. 1953), to demonstrate this error and to require correction to reflect substantial justice.

The Court will enter a decree reflecting this ruling and noting the objection of counsel for the defendant.