**In re LEE WAY HOLDING COMPANY, Debtor.**

**Frederick M. LUPER, Chapter 11 Trustee, Plaintiff,**

v.

**A BEAM'S SECURITY, et al., Defendants.**

**Bankruptcy No. 2–85–00661.**
**Adv. No. 2–87–0088.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

April 4, 1990.

Deborah Ecker, Luper, Wolinetz, Sheriff & Neidenthal, Columbus, Ohio, for plaintiff.

David B. Barnhart, Butler, Cincione, DiCuccio & Dritz, Columbus, Ohio, for defendants.

ORDER ON MOTION TO CORRECT CLERICAL MISTAKES, TO VACATE JUDGMENT AGAINST OMC SERVICES, INC. AND TO ALLOW DMC SECURITY TO RESPOND TO COMPLAINT ALLEGATIONS

DONALD E. CALHOUN, Jr.,
Bankruptcy Judge.

This cause came on for consideration upon the Plaintiff's Motion to correct two "clerical" mistakes in Plaintiff's previous pleadings, to vacate the default judgment taken against Defendant OMC Services, Inc., and to permit Defendant DMC Security to respond to the allegations originally lodged against OMC Services, Inc. Movant brings this action pursuant to Rule 60(a) of the Federal Rules of Civil Procedure and Rule 9024 of Bankruptcy Procedure. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this District.

This adversary proceeding was commenced upon Plaintiff's Complaint for Avoidance of Preferences, which named numerous Defendants. Among the named Defendants are OMC Security Services and DMC Security Services. At issue is whether Fed.R.Civ.P. 60(a) is applicable to allow Plaintiff to correct the Judgment to reflect the amount it alleged against DMC in its Complaint and to correct the Complaint and

the Judgment by changing "OMC" Security Services to "DMC" Security Services.

Bankruptcy Rule 9024 adopts Federal Rule of Civil Procedure 60 with three exceptions, none of which is applicable to the issues at hand. Rule 60(a), which addresses relief from judgments or orders, provides in pertinent part as follows:

(a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court any time of its own initiative or on the motion of any part and after such notice, if any, as the court orders.

Rule 60 of the Federal Rules of Civil Procedure seeks to draw a balance between the interest of society in the stability of judgments, and the equally important interest of assuring clerically accurate judgments which effect substantial justice and do not become instruments of fraud. *See,* 6A *Moore's Federal Practice* para. 60.02 (2d ed. 1987).

The errors envisioned to be covered under Rule 60(a) include oversights and omissions as well as unintended acts or failures to act which result in a record that does not properly reflect the intention of the parties or the court. *Pattiz v. Schwartz,* 386 F.2d 300 (8th Cir.1968); *Ferraro v. Arthur M. Rosenberg Co., Inc.,* 156 F.2d 212 (2d Cir. 1946); *First National Bank in Greenwich v. National Airlines,* 167 F.Supp. 167 (S.D. N.Y.1958). Relief may be granted from the clerical mistakes of the court, clerk, jury or party. *Pattiz, supra* at 303. Any serious or substantive adjustment or change in the record, however, may not be brought under Rule 60(a). Thus, deliberate actions accurately reflected in the record are not clerical errors and attempts to invoke Rule 60(a) in such situations will be denied. *Ferraro, supra* at 214.

A. *Correction of Plaintiff's Pleadings*

Plaintiff maintains that the judgment taken by default against DMC Security Services in the sum of $1,536.00 (See Default Judgment entry dated May 5, 1987) is in error and should be corrected to reflect the $9,024.00 Plaintiff sought in its original Complaint. According to Plaintiff, the Complaint alleges five separate transfers via checks to DMC totaling $9,024.00. DMC asserts that careful review of the Complaint reveals only three checks listed.

Plaintiff's Complaint incorporated Exhibit A, which reflected the following information pertinent to DMC Security Services:

| PAYEE | CHECK NUMBER | DATE | AMOUNT |
|---|---|---|---|
| DMC Security Service | 627497 | 01/16/85 | $1,344.00 |
| DMC Security Services, Inc. | 624382 | 12/20/84 | $2,880.00 |
| DMC Security | 629484 | 02/01/85 | $1,536.00 |
| DMC Security Services | 626646 | 01/09/85 | $1,536.00 |
| DMC Security Services, Inc. | 629169 | 01/14/85 | $1,728.00 |

DMC's contention that Exhibit A of Plaintiff's Complaint only listed check numbers 627497, 624382 and 626646 is simply incorrect. Upon careful review of Exhibit A attached to the *original* Complaint, this Court finds that all five checks are set forth. Thus, Defendant DMC's assertion that Plaintiff is attempting to assert new claims against it that were not part of the record is misplaced.

DMC is apparently relying on Exhibit A attached to the Default Judgment which listed three checks rather than the five set forth in the Complaint. To maintain, however, that since Exhibit A of the Default Judgment did not reflect that which is in Exhibit A of Plaintiff's original Complaint is simply stating the obvious. It provides no foundation for finding that Plaintiff is now asserting new claims. Clearly, the purpose of Plaintiff's Motion is to assert claims not reflected in the Default Judgment Exhibit. Of factual importance, however, is whether what Plaintiff now asserts was part of the Complaint. Had Defendant DMC reviewed in detail Exhibit A of the *original* Complaint it would have discovered that all five transactions were indeed asserted therein.

Since the Complaint does encompass the facts Plaintiff asserts in his Motion, the issue which becomes of critical import is whether Exhibit A of the Default Judgment accurately reflected the intentions of the parties and the Court. If the Default Judgment did not convey the parties' true intentions, a determination must be made

as to whether the change sought is one of substance where Rule 60(a) is inapplicable, or one of unintended omissions which is allowable under Rule 60(a) and applicable here under Bankruptcy Rule 9024.

While Plaintiff cites no authority on this issue, the United States Supreme Court expressly affirmed the power and duty of a court under Rule 60(a) to correct judgments which contain clerical errors, or judgments which have been issued due to inadvertence or mistake. *American Trucking Assoc. v. Frisco Transp. Co.*, 358 U.S. 133, 79 S.Ct. 170, 3 L.Ed.2d 172 (1958). Courts have construed the Rule's reference to clerical mistakes as not necessarily confined to those committed by the clerk, noting that relief might be had under the Rule for the clerical mistakes of the court, clerk, jury or party. *Pattiz, supra* at 303.

Here Plaintiff seeks to incorporate transactions into the Default Judgment which were part of the original pleadings, by maintaining that it was through a mere clerical mistake that this information was omitted in Exhibit A of the Default Judgment. In effect, Plaintiff is seeking judgment on claims which have already been subject to notice, hearing and determination by this Court. It is well settled that Rule 60(a) is concerned with mistakes that do not attack the parties fundamental right to judgment at the time it was entered by only permitting correction or irregularities that becloud but do not impinge it. *United States v. Stuart*, 392 F.2d 60 (3d Cir.1968). Here, Plaintiff is not attempting to assert new claims, but only to have the Default Judgment reflect what Plaintiff had alleged in its Complaint. Therefore, the Court needs to do nothing more difficult than the ministerial task of correcting the record to reflect the original intention of Plaintiff. In exercising this power to correct clerical mistakes, this Court confines itself to correction of mistakes that may legitimately be said to be clerical and where there is a clear showing of mistake. *Blankenship v. Royal Holding Co.*, 202 F.2d 77, 79, 81 (10th Cir.1953).

It is clear that Plaintiff sought Default Judgment against DMC on all claims detailed in Exhibit A of the Complaint. As Plaintiff's Complaint set forth:

> [P]laintiff requests that each of the transfers described on Exhibit "A" be voided pursuant to 11 U.S.C. § 547 and Plaintiff demands judgment against each defendant for the amount shown in the total column on Exhibit "A" opposite the Defendant's name plus interest from the date of each transfer to that Defendant.

This Court finds that the intention of Plaintiff was to seek Default Judgment against DMC for all five transactions. Further, the omission of two transactions from the Default Judgment Exhibit was certainly nothing more than an oversight or clerical mistake. It is unnecessary to determine upon whom that responsibility rests. As the court in *Pattiz* noted:

> We are not persuaded by the defense argument that the Rule's reference to a clerical mistake is necessarily confined to one committed only by the clerk ... To say that a clerical error is "generally" one made by a clerk is not to say that it is exclusively so.

Therefore, Plaintiff has made the requisite showing that the omission of two transactions involving Defendant DMC from Exhibit A of the Default Judgment is the type of clerical error contemplated to fall within Rule 60(a) and Bankruptcy Rule 9024. Plaintiff's Motion to correct clerical mistakes is granted. A separate Amended Final Judgment will be entered accordingly.

**B. *Transference of Allegations Against OMC to be Asserted Against DMC***

Plaintiff also moves this Court to vacate the Default Judgment against Defendant, OMC Security Services, Inc., in the sum of $4,032.00 and to allow DMC Security Services thirty (30) days to respond to the allegations previously alleged against OMC. Plaintiff maintains that the designation of Defendant, OMC Security Services, Inc. in both the Complaint and the Default Judgment Entry was incorrect in that the "OMC" designation was a clerical mistake which should have read "DMC". He further maintains Rule 60 is an appropriate

vehicle to correct errors of parties in designating names.

Plaintiff cites *Anderson v. Brady*, 6 F.R.D. 587 (D.Ky.1947), where the court construed Rule 60 as applicable despite the use of proof outside the record. There the correction sought was a change in the order that was plainly wrong as a clerical mistake or error of oversight or omission. In *Brady*, judgment had been entered against the executor of the decedent's estate, Commercial Bank. The *Brady* court allowed the name to be corrected to "Commercial Deposit Bank". The Bank maintained that the incorrect name was a matter of substance and not form; the court allowed the change noting that no one was misled or deceived, that the proper party was actually served with process, that the Bank was the only executor of the decedent and that the decedent's estate was owed the amount claimed.

Where *Brady* involved merely inserting "Deposit" into the name "Commercial Deposit Bank", Plaintiff here seeks a change in the primary name of the party: from "*OMC*" to "*DMC*". Additionally, while it is clear that the defendant bank in *Brady* was the only executor of the estate and thus the only potential party to the action, such a conclusion cannot be so easily deduced in the case at bar. Here there is at least the potential that an entity by name of "OMC Security Services" actually exists.

Plaintiff also cites *Fluoro Electric Corp. v. Branford Assoc.*, 489 F.2d 320 (2d Cir. 1973) as authority for post-judgment correction of misnamed defendants. In *Branford*, the court allowed the defendant's name to be corrected from "Branford Associates, a corporation" to its proper name, "Branford Developers, Inc.". The *Branford* court rejected the defendant's argument that plaintiff sought to sue, and did sue, a corporate defendant (which Branford was not); that the jury's verdict ran solely against that corporate defendant; and that Rule 60 cannot be used under the guise of correcting a misnomer to substitute a new party defendant who was not a party to the original action. The court noted that "Branford Developers, Inc." was the actual party defendant at trial even if misnamed, and that the defendant was attempting to utilize technical maneuvers to avoid a lawful judgment against it. Further, the court observed that "Branford Associates, a corporation" had never existed, and that the defendant had received service but had raised no objection in open court or during pretrial stages to the use of "Branford Associates" or "Branford Associates, Inc." in references to the defendant by the court and by the plaintiff. The *Branford* court found it clear that it was Branford Developers, Inc. which the plaintiff sought to hold liable regardless of the designations in the pleadings and judgment.

■ In the motion before this Court, Plaintiff is not merely seeking to delete a word describing the defendant's legal form of organization as in *Branford*, but rather, seeks a change in the actual name of the party. Plaintiff has not clearly established that no legal entity named "OMC Security Services" exists. Additionally, DMC never responded to the Complaint and, therefore, did not participate in any hearing, judgment or other legal proceeding, as in the *Branford* case. Thus, DMC's conduct does not mirror that of the defendant in *Branford* who actually participated in numerous court proceedings and then sought to rid itself of an unfavorable verdict by maintaining it was not a party to the action.

Defendant cites *Rauch v. Immel*, 55 Ohio App. 71, 8 N.E.2d 569 (1936) for the proposition that a mistake in spelling the name of a party may be corrected *if* both modes of spelling the name have the same sound. The *Rauch* court based its holding on the theory of *de minimis non curat lex*. In *Rauch*, defendant Frank X. Rauch was given service of the summons in the name of Frank X. Roach. Rauch returned the summons without answer, although he contacted his attorney. Because Rauch was aware of the action, demonstrated by his initiating contact with his attorney, the court allowed the default judgment against him to stand on the basis that the sound of the variant spelling was the same. Since "OMC" and "DMC" do not produce the same sound, DMC maintains that the

*Rauch* court's reasoning dictates denial of the change requested here.

While the "OMC" and "DMC" distinction does not meet the sound variant test of *Rauch*, the facts in that case are also important for another reason. In *Rauch*, the Court had the benefit of comparing identical first names and middle initials, when it held that the defendant's name could be corrected from Roach to Rauch. This additional information provided a much clearer basis upon which to hold that the configuration of the defendant's name was a clerical mistake. In the case at bar, the Plaintiff has not met his burden of establishing that the designation "OMC" was a mere clerical mistake which should be amended to "DMC". Rule 60(a) applies only to errors of transcription, copying, or calculation, and not to a fundamental failure of discovery or notification. *Bershad v. McDonough*, 469 F.2d 1333 (7th Cir.1972). Plaintiff is barred from seeking correction of a mistake which can't be demonstrated to be clearly clerical in nature. Errors of substance in final judgments resulting from mistake, inadvertence or excusable neglect may not be corrected under Fed.R. Civ.P. 60(a). *Imperial v. U.S.*, 348 F.2d 904 (9th Cir.1965). Therefore, the second branch of Plaintiff's motion is denied.

IT IS SO ORDERED.