**GREENBERG v. ARSENAL BLDG. CORPORATION et al.**

No. 400.

Circuit Court of Appeals, Second Circuit.

July 18, 1944.

Writ of Certiorari Granted Nov. 6, 1944.

See 65 S.Ct. 116.

McLanahan, Merritt, Ingraham & Christy and Kenneth C. Newman, all of New York City (Robert R. Bruce and John J. Boyle, both of New York City, of counsel), for defendants-appellants-appellees.

Aaron Benenson, of New York City (Monroe Goldwater and James L. Goldwater, both of New York City, of counsel), for plaintiff-appellee-appellant.

Douglas B. Maggs, Sol., and Bessie Margolin, Asst. Sol., both of Washington, D. C., Irving Rozen, Regional Atty., of New York City, and Harry M. Leet, Atty., U. S. Department of Labor, of Washington, D. C., for Administrator of Wage and Hour Division, United States Department of Labor, as amicus curiae.

294

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

This is an action by the plaintiff suing for himself and co-employees of the Arsenal Building Corporation to recover overtime compensation, liquidated damages and attorneys' fees under Section 7(a) and Section 16(b) of the Fair Labor Standards Act, 29 U.S.C.A. §§ 207(a), 216(b). The plaintiff and those he represents were maintenance employees in an occupation necessary to the production of goods for interstate commerce. Judge Goddard, who conducted the trial in the District Court, held both the Arsenal Building Corporation and Spear & Co. Inc., the agent of the building, liable to the plaintiff for overtime and liquidated damages, as well as for average interest upon the awards to the respective employees, and also allowed attorneys' fees of $750. We think the judgment was right except as to the amount of the attorneys' fees and that it should be modified by increasing the fees to $1,250 and with that exception affirmed.

■ This appeal raises the same questions we have already dealt with in Adams Union Dime Savings Bank, 141 F.2d 290. The defendants' main contention is based upon the claim that the wages of the employees of Arsenal Building Corporation were sufficient to pay the minimum statutory wages, including a one and one-half rate for overtime hours, and that in such circumstances the contracts should either be so interpreted as to bring them within the Act or should be reformed for mutual mistake so that they would comply with it in their literal terms. The mutual mistake relied on is that the parties believed that the Fair Labor Standards Act did not apply to them when they contracted with one another. Judge Goddard found, on conflicting evidence, that there was no such mutual mistake. But even if there was, we are confident that they could not violate the provisions of an act designed to limit hours of labor and to require payment for overtime at a higher rate than the regular hourly wage. Our opinion in Adams v. Union Dime Savings Bank sufficiently discusses these questions and requires an affirmance of the judgment as to overtime and liquidated damages as against Arsenal Building Corporation.

■ The defendant Spear & Co., Inc., claims that it should not be held under any liability to the plaintiff for the reason that it was not an employer within the meaning of the Fair Labor Standards Act. Section 3 (d) of the Act, 29 U.S.C.A. § 203(d), reads as follows: " 'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee * * *."

Judge Goddard found upon ample evidence that Spear & Co., Inc., was the renting agent for the building, hired the employees, paid them their wages, for which it was reimbursed by the owner, and directed and supervised them in the performance of their duties. As New York real estate concerns frequently do, it managed the building for the owners. We can see no escape from the conclusion that Spear & Co., Inc., came within Section 3. Indeed, the section would have little meaning or effect if such were not the case. Our decision in Fleming v. Arsenal Building Corporation, 125 F.2d 278, intimated that Spear & Co., Inc., was an "employer" within the meaning of that Act, where we said: "We may ignore the defendant, Spear & Co., Inc., for any decision as to it must concededly follow that as to the Arsenal Building Corporation."

The Supreme Court treated the word "employer" in the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., as including such agents. National Labor Relations v. Pennsylvania Greyhound Lines, Inc., 303 U.S. 261, 263, 58 S.Ct. 571, 82 L. Ed. 831, 115 A.L.R. 307; see also N. L. R. B. v. Hearst Publications, 322 U.S. 111, 64 S.Ct. 851 and N. L. R. B. v. Lund, 8 Cir., 103 F.2d 815, 819.

■ We hold that the plaintiff was entitled to interest on the unpaid wages for overtime and liquidated damages. Liquidated damages for failure to pay the minimum wages prescribed by the Act were said by the Supreme Court in Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 583, 62 S.Ct. 1216, 1223, 86 L.Ed. 1682, to be compensation, not a penalty. It added that "the retention of a workman's pay may well result in damages too obscure and difficult of proof for estimate other than by liquidated damages." Upon such a theory of the employee's right interest was allowed by the New York Court of Appeals in Pedersen v. Fitzgerald, 56 N.E.2d 77, under Section 480 of the New York Civil Practice Act. Interest should have been included in the judgment before amendment but the omission was of an item implicit

in the past due compensation for overtime and liquidated damages by an oversight which, under Federal Rules of Civil Procedure, rule 60(a), 28 U.S.C.A. following section 723c, was susceptible of correction even after appeal. Hovey v. McDonald, 109 U.S. 150, 157, 3 S.Ct. 136, 27 L.Ed. 888. See also Rigopoulos v. Kervan, D.C., 53 F.Supp. 829. Moreover, the objection of the defendant to the insertion of interest in the judgment is purely technical, for, if we should reverse on the defendants' appeal because of the inclusion of interest after appeal was taken, the plaintiff should be permitted to include interest in judgment upon a remand of the cause to the District Court.

▮ We think the fee of plaintiff's attorneys was inadequate compensation for their services. The hardship upon the defendants involved in litigating the claims when the applicability of the statute was uncertain was no reason for limiting the fee of the plaintiff's attorneys to less than fair compensation for their work. We, therefore, increase the allowance to $1,250, and allow $500 for services in connection with this appeal.

The judgment, as modified by allowance of the increased attorneys' fee, is affirmed.