**Howard S. LEE, Eric Lee and Lester Lee, Plaintiffs-Appellees,**

v.

**JOSEPH E. SEAGRAM & SONS, INC., Defendant-Appellant.**

No. 183, Docket 78–7331.

United States Court of Appeals, Second Circuit.

Argued Oct. 26, 1978.

Decided Jan. 3, 1979.

Allan L. Gropper, New York City (White & Case, New York City, Robert W. Mannix, New York City, of counsel), for defendant-appellant.

Robert W. Biggar, New York City (Malcolm A. Hoffmann, New York City, of counsel), for plaintiffs-appellees.

Before FRIENDLY, MULLIGAN and GURFEIN, Circuit Judges.

MULLIGAN, Circuit Judge:

Harold Lee and his two sons (the Lees) obtained a jury verdict of $407,850 in a diversity action in the United States District Court for the Southern District of New York against Joseph E. Seagram & Sons, Inc. (Seagram). The verdict represented damages for breach of contract and was entered on June 30, 1975. The district court, Hon. Charles H. Tenney, Judge, denied Seagram's motion for judgment notwithstanding the verdict, *Lee v. Joseph Seagram & Sons, Inc.*, 413 F.Supp. 693 (S.D. N.Y.1976) and this court affirmed, 552 F.2d 447 (1977). Shortly thereafter, on May 2, 1977, the judgment and all accrued post-judgment interest was paid in full by Seagram. On May 27, 1977, almost two years after the judgment had been entered, the Lees moved in the district court for an order pursuant to Rule 60(a) of the Federal Rules of Civil Procedure to amend and correct the judgment by adding prejudgment interest. In a Memorandum and Order dated May 12, 1978, Judge Tenney granted the Lees' motion and amended the initial judgment *nunc pro tunc* by including an additional $88,235 for pre-judgment interest, plus more than $15,000 in post-judgment interest on interest, i. e., interest on $88,235 from June 30, 1975 to date. This appeal followed.

The central issue on this appeal is whether the district court properly permitted the judgment for damages to be amended and corrected to provide for pre-judgment interest under Rule 60(a) of the Federal Rules of Civil Procedure.[1] We hold that Rule 60(a) is not available to the Lees here except as

---

1. Alternatively, appellants argue that the district court improperly permitted pre-judgment interest from the date the action was commenced rather than from some more reasonable intermediate date. See N.Y.C.P.L.R. § 5001(b), set forth in note 3, *infra*. Since we hold that no pre-judgment interest should have been allowed under Fed.R.Civ.P. 60(a) we need not reach this issue.

to the very small proportion of pre-judgment interest which accrued between the date the verdict was rendered and the date judgment was entered.

Under the law of New York [2] pre-judgment interest is recoverable as a matter of right in an action at law for breach of contract. N.Y.C.P.L.R. §§ 5001(a), 5002; *Julien J. Studley, Inc. v. Gulf Oil Corp.*, 425 F.2d 947, 950 (2d Cir. 1969); *Marx & Co., Inc. v. Diners' Club, Inc.*, 405 F.Supp. 1, 3 (S.D.N.Y.1975), modified on other grounds, 550 F.2d 505 (2d Cir.), cert. denied, 434 U.S. 861, 98 S.Ct. 188, 54 L.Ed.2d 134 (1977).[3] The Lees in their action did not request pre-judgment interest in their complaint or during the course of the trial. Neither their proposed form of jury verdict nor their proposed jury instructions made such a request. The jury was not charged as to pre-judgment interest and no issue regarding interest was raised on the initial appeal to this court. The state statute which primarily governs this case, N.Y.C.P.L.R. § 5001(c), provides that where, as here, the date from which interest should run is disputed, and the jury has been discharged without specifying the date, the court shall fix the date upon motion. However, the first time the issue of pre-judgment interest

was raised was in the 60(a) motion ultimately made by the Lees some two years after entry of the judgment.

Rule 60(a) provides as follows:

(a) CLERICAL MISTAKES. *Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission* may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

(Emphasis supplied). This rule on its face applies only to *clerical* mistakes and errors in judgments arising from oversight or omission.

■ The only portion of the pre-judgment interest awarded below which we believe properly falls within the Rule 60(a) meaning of "clerical error" is the $489 of the $88,235 total which accrued between the rendering of the jury verdict on June 25, 1975 and entry of judgment on June 30, 1975. N.Y.C.P.L.R. § 5002 controls the

---

**2.** There is no real dispute that the law of New York governs appellees' substantive right to pre-judgment interest in this diversity action. E. g., *Spector v. Mermelstein*, 485 F.2d 474, 481–83 (2d Cir. 1973).

**3.** The New York statutes relevant to the issue of pre-judgment interest in this case, N.Y.C.P.L.R. §§ 5001, 5002, provide as follows:

§ 5001. Interest to verdict, report or decision

(a) Actions in which recoverable. Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion.

(b) Date from which computed. Interest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be

computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.

(c) Specifying date; computing interest. The date from which interest is to be computed shall be specified in the verdict, report or decision. If a jury is discharged without specifying the date, the court upon motion shall fix the date, except that where the date is certain and not in dispute, the date may be fixed by the clerk of the court upon affidavit. The amount of interest shall be computed by the clerk of the court, to the date the verdict was rendered or the report or decision was made, and included in the total sum awarded.

§ 5002. Interest from verdict, report or decision to judgment

Interest shall be recovered upon the total sum awarded, including interest to verdict, report or decision, in any action, from the date the verdict was rendered or the report or decision was made to the date of entry of final judgment. The amount of interest shall be computed by the clerk of the court and included in the judgment.

award of "post-verdict" interest. That statute requires the clerk of the court to add to a judgment in any action interest from the date of the verdict to entry of judgment. Thus, appellees not only had a right to such interest, but the amount was to be computed on the plaintiffs' award and added to the judgment automatically by the court clerk. In our view, the failure of the clerk to make this automatically mandated addition of a mechanically ascertainable amount of interest was a mere ministerial oversight remediable as a clerical error under Rule 60(a). Cf. cases cited in note 4, *infra.*

■ The real concern of the parties to this appeal, however, is the overwhelming percentage of the interest award which accrued *prior* to the verdict under N.Y.C.P. L.R. § 5001. It is this award which we will review in this opinion and to which we will hereafter refer simply as pre-judgment interest. It is quite apparent that as to this amount no clerical mistake or error occurred. The verdict as entered on June 30, 1975 accurately reported and reflected the jury's verdict. The jury had not been advised that interest was sought, nor was any date from which interest was to be computed ever suggested during the course of the trial or in the jury charge. There was certainly no miscalculation, error or oversight properly denominated as clerical. The plaintiffs were unquestionably entitled to pre-judgment interest from some date, N.Y. C.P.L.R. § 5001(b), (c), but it was the failure of plaintiffs to bring this statutory entitlement to the attention of the court until almost two years after the entry of the judgment that created the problem—not any clerical oversight or error.

The Federal Rules do not leave a plaintiff without a remedy in such a situation. Fed. R.Civ.P. 59(e) provides: "A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." That motion, however, was obviously time barred when the Lees moved for pre-judgment interest in May, 1977. Similarly, Fed.R.Civ.P. 60(b)(1) provides that a party may be relieved from a final judg-

ment for "mistake, inadvertence, surprise, or excusable neglect" but a motion on such ground must be made "not more than one year after the judgment" was entered. This motion also was unavailable to the Lees in May, 1977 because some two years had then passed since entry of judgment. As we have already indicated, no relief as to interest was sought by the Lees on direct appeal.

There is ample authority supporting the proposition that where the failure of the judgment to include pre-judgment interest to which a plaintiff is entitled is not due to clerical inadvertence, Rule 60(a), which has *no* time limitation, is not the appropriate vehicle for relief.

In *Warner v. City of Bay St. Louis*, 526 F.2d 1211 (5th Cir. 1976), a judgment was entered bearing an interest rate of 6%. The state legislature had in fact increased the applicable rate of interest to 8% shortly before entry of the judgment. The court denied a motion brought under Rule 60(a) to amend the judgment, and observed that there was no allegation that the mistake was typographical, inadvertent, or made in transcribing the judgment. Id. at 1212. Thus, the court stated that no contention was made "that the district court *intended* that its judgment read 8%." Id. (emphasis added). "To allow a party to correct alleged errors of law at any time by the mechanism of Rule 60(a) would significantly weaken the policy of finality as embodied in the Federal Rules." Id.

In *Chicago and North Western Railway Co. v. Union Packing Co.*, 527 F.2d 592 (8th Cir. 1976) (per curiam), the petitioner sought an amendment of a judgment to allow an award of pre-judgment interest. The court held: "This circuit does not view the erroneous allowance or omission of pre-judgment interest to be a clerical error within the purview of Rule 60(a)." See *Hoffman v. Celebrezze*, 405 F.2d 833 (8th Cir. 1969).

The First Circuit reached a similar conclusion in *Morgan Guaranty Trust Co. v. Third National Bank*, 545 F.2d 758 (1976). While the court conceded that some mis-

takes in the computation of interest might be dealt with under Rule 60(a), these situations were limited to instances where the judgment failed to reflect the court's intention when the judgment was entered. In *Morgan* the court deliberately chose not to include interest in the judgment. The court found that "[i]f there was a mistake, it was not clerical but was based on an erroneous interpretation of the law and Morgan's contention raises a legal issue, the determination of which is well beyond the purview of Rule 60(a)." Id. at 760.

Professor Moore in his treatise has addressed the precise issue at bar:

> Some cases have indicated that the failure of a judgment to include the interest to which the plaintiff is entitled is an error that can be corrected under Rule 60(a). It is of course possible that the failure to include interest may result from a clerical error, and such would be the case where the judgment rendered failed to reflect the actual intention of the court. But where there is no clerical error and the failure to include interest resulted from an error of law, then relief may be had only by motion under Rule 59 and within its short time limits, by appeal, or by motion under Rule 60(b).

6A J. Moore, Federal Practice ¶ 60.06[4] at 4067–68 (footnotes omitted).[4]

In view of the unambiguous language of Rule 60(a), and the persuasive reasoning of the cases and scholarly comment discussed above, we would have no hesitation in reversing the order of the district court were it not for the opinion of this court in *Greenberg v. Arsenal Bldg. Corp.*, 144 F.2d 292 (1944), rev'd on other grounds sub nom. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296 (1945).

That case was an action to recover attorney's fees, overtime compensation, and liquidated damages under the Fair Labor Standards Act. This court in a per curiam opinion held that the omission of pre-judgment interest "was of an item implicit in the past due compensation for overtime and liquidated damages by an oversight which, under Federal Rules of Civil Procedure, rule 60(a), was susceptible of correction even after appeal." Id. at 294–95 (citation omitted).

The district court in its opinion and the Lees on this appeal have relied upon *Greenberg* as dispositive of the issue before us. It has been suggested by appellant that *Greenberg* is distinguishable from the case in issue here because the Rule 60(a) motion in that case was made after the notice of appeal had been filed and during its pendency. Hence, notes appellant, as the court itself stated, the objection to the 60(a) motion was "purely technical, for, if we should reverse on the defendants' appeal because of the inclusion of interest after appeal was taken, the plaintiff should be permitted to include interest in judgment upon a remand of the cause to the District Court." 144 F.2d at 295.

We are unmoved by this distinction. Even if the *Greenberg* court's discussion of the availability of Rule 60(a) was strictly speaking, *dictum*, the court clearly and unequivocally stated its view that the omission of pre-judgment interest was merely a clerical error within the meaning of Rule 60(a). Moreover, the panel in *Greenberg* reached this conclusion although the contrary argument was squarely raised in the appellee's brief.

It has also been suggested by Professor Moore that prior to the 1946 amendments Fed.R.Civ.P. 60(b) contained numerous

---

4. As Professor Moore noted, several cases have held that a motion pursuant to Rule 60(a) is available to correct the omission of pre-judgment interest required by state statute. *Glick v. White Motor Co.*, 317 F.Supp. 42, 45 (E.D.Pa. 1970), aff'd, 458 F.2d 1287 (3rd Cir. 1972); *In re Merry Queen Transfer Corp.*, 266 F.Supp. 605, 607 (E.D.N.Y.1967); *Rigopoulos v. Kervan*, 53 F.Supp. 829, 830 (S.D.N.Y.1943); *Stentor Electric Mfg. Co. v. Klaxon Co.*, 30 F.Supp. 425, 431–32 (D.Del.1939), aff'd, 115 F.2d 268 (3d Cir. 1940), rev'd on other grounds, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); see *McGee v. United States*, 62 F.R.D. 205 (E.D.Pa. 1973). We concur with the Fifth Circuit, however, that "[t]o the degree these cases hold that interest which is added as a matter of right can always be corrected under Rule 60(a), we believe they should be rejected." *Warner v. City of Bay St. Louis, supra*, at 1213 n.4.

technical obstacles which led courts to an expansion of Rule 60(a) beyond its apparent meaning. 6A J. Moore, Federal Practice ¶ 60.06[4] at 4068. For example, in 1944 Rule 60(b) did provide for the correction of judgments entered through mistake, inadvertence or excusable neglect, but the error had to be made by the party *against* whom the judgment was taken. See 7 J. Moore, Federal Practice ¶ 60.17 at 93. Hence, a successful plaintiff such as Greenberg might have been precluded at that time from obtaining relief under Rule 60(b), thus arguably leading to the court's straining to provide a remedy under Rule 60(a). However, we find no discussion of Rule 60(b) in the court's opinion or in the briefs of the parties to the *Greenberg* court and we decline to speculate as to whether the court's rationale was premised on such an unspoken consideration.

In sum, we believe that *Greenberg* is in point but that it was wrongly decided. In any event, it has not been relied upon by this circuit in any subsequent holding on this issue. In fact, in *Ferraro v. Arthur M. Rosenberg Co.*, 156 F.2d 212, 214 (2d Cir. 1946), which involved an attempt to amend a judgment because of an alleged inaccuracy in a bill of particulars, this court held that Rule 60(a) did not apply: "No clerical error was shown, however, and it changed nothing to call deliberate action accurately reflected in the record a clerical error for the purpose of attempting to invoke Rule 60."

We believe that this is a proper reading of the Rule. In the circumstances here the judgment initially entered accurately reflected the verdict of the jury, and in the absence of clerical error Rule 60(a) is not properly utilized to correct the omission of an award of pre-judgment interest pursuant to N.Y.C.P.L.R. § 5001. We no longer consider *Greenberg* to be the law of this circuit on this issue. We have circulated this opinion among the active judges of this circuit and they concur in this conclusion.

The judgment below is vacated and the cause is remanded for entry of judgment in accordance with the terms of this opinion.