**Hilda HEGGER, Executrix of the Estate of Fred P. Hegger, Plaintiff,**

v.

**George E. GREEN and St. Luke's Hospital Center, Defendants.**

**78 Civ. 1182 (CBM).**

United States District Court, S. D. New York.

Oct. 9, 1981.

Paul D. Rheingold, P. C. by Paul D. Rheingold, New York City, N. Y., for plaintiff.

Ferziger, Wohl, Finkelstein & Rothman by Sidney Florea, New York City, for defendant Dr. Green.

Barry, McTiernan & Moore by Michael Close, New York City, for defendant St. Luke's Hospital Center.

MEMORANDUM OPINION

MOTLEY, District Judge.

This case was a wrongful death action tried by a jury. The jury returned a ver-

dict in favor of plaintiff against two defendants, Dr. George Green (Dr. Green) and St. Luke's Hospital Center (The Center). Plaintiff's damage award was $384,698. The jury held Dr. Green liable for 25% of the award and The Center liable for the other 75%. Judgment was entered on June 22, 1979. The Center moved to set aside the verdict against it. This court denied the motion in an opinion rendered January 21, 1980. The Court of Appeals reversed, and held Dr. Green, who did not appeal, liable to pay the entire judgment.

On March 10, 1980, after this court had decided post-trial motions, plaintiff moved pursuant to FRCP 60(a) to amend the judgment to include an award of pre-judgment interest. As the case had been docketed in the Second Circuit at that time, this court noted that it lacked the power to correct the alleged clerical error prior to plaintiff's obtaining leave of the appellate court. Plaintiff renewed his motion in the Court of Appeals. The motion was denied. On motion for rehearing on July 20, 1981, the Court of Appeals authorized this court to "review the plaintiff's Rule 60(a) motion to determine" whether it has the power to grant the relief requested.

### FACTUAL BACKGROUND

Plaintiff, in her wrongful death complaint, demanded over $2,000,000 in damages, "together with interest, costs, and disbursements." Pre-judgment interest, although not specifically referred to in the pretrial order drawn by the parties as a plaintiff claim, was nevertheless not expressly abandoned as a claim by that order. Moreover, the pretrial order stipulated the date of death as a fact which need not be proved at the trial. No reference to pre-judgment interest was made in the interrogatories put to the jury pursuant to Rule 49(b), nor was it mentioned in the jury charge. When the jury returned with its verdict, neither this court nor the clerk's office added pre-judgment interest to which plaintiff was, at that point, indisputably entitled.

### DISCUSSION

Rule 60(a) of the Federal Rules of Civil Procedure reads as follows:

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

■ A successful plaintiff in a wrongful death action is entitled, under New York law, to pre-judgment interest from date of death to the date of judgment as a matter of right. New York Estate Powers & Trusts Law § 5–4.3 (McKinney). This court must determine whether the failure in this case to include such interest is properly deemed a clerical error.

■ Defendant Green strongly urges upon this court his view of the holding of the Second Circuit in *Lee v. Joseph E. Seagram & Sons, Inc.*, 592 F.2d 39 (2d Cir. 1979). As stated in oral argument, defendant's view of the holding in *Lee* is that pre-judgment interest is never a clerical matter but is always an issue of fact to be determined by the jury as to the amount, and as to the date from which such interest shall run in the case of a successful plaintiff. This court does not read *Lee* so broadly.

The holding in *Lee* was mandated by its facts. There, the court said it is not a mere clerical error to fail to include pre-judgment interest in an award of damages in a breach of contract case where the right to such interest had never even been claimed by plaintiff until two years after entry of judgment. Thus, such failure to include was not subject to later amendment under a Rule 60(a) motion. In the case of post-judgment interest automatically imposed by the Clerk, the court noted in *Lee*, failure of the Clerk to include is a mere clerical error. The instant case, as did *Lee*, involves the failure to award pre-judgment interest.

However, standing alone, this fact is not sufficient reason to deny the relief plaintiff seeks. As this court reads the *Lee* opinion, it is a question of fact under the circumstances of a particular case whether an error may properly be deemed clerical.

In *Lee*, the court was confronted with a situation where the calculation of pre-judgment interest required more than a simple mechanical act. There, to allow for proper computation of the interest to be awarded, either the jury or the judge had to make a determination as to the date of breach of the contract. 592 F.2d at 41, fn. 3. In a wrongful death action, however, there is normally no special finding to be made by judge or jury as to the date from which the interest is to be calculated. It is the date of death, which generally, as in this case, is not disputed. When a contract was breached is often a disputed issue which would have to first be established before pre-judgment interest could be calculated. By contrast, the date of Mr. Hegger's death, November 4, 1976, has never been disputed. It was stipulated by the parties prior to trial. Hence, there was no determination to be made by the trier of fact as to the first day of the running of pre-judgment interest.

■ In the instant case, unlike *Lee*, there was no failure on plaintiff's part to include interest in the *ad damnum* clause of her complaint. It was not a claim which was expressly abandoned in the pre-trial order. Defendant did not and does not now challenge the right to pre-judgment interest for a successful plaintiff in a wrongful death action under New York law. In short, at time of trial, there was neither a dispute between the parties on plaintiff's entitlement nor an abandonment of the claim. Plaintiff informed the court of her desire to receive such an award in the complaint. The statutory provisions requiring the award of this interest were clear to the parties as well as to the court. Equally clear was the fact that the calculation would run from the date of death, an uncontested fact in this action.

Professor Moore, in a passage quoted by the Second Circuit in *Lee* discussed the issue:

Some cases have indicated that the failure of a judgment to include the interest to which the plaintiff is entitled is an error that can be corrected under Rule 60(a). It is of course possible that the failure to include interest may result from a clerical error, *and such would be the case where the judgment rendered failed to reflect the actual intention of the court.* But where there is no clerical error and the failure to include interest resulted from an error of law, then relief may be had only by motion under Rule 59 and within its short time limits, by appeal, or by motion under Rule 60(b).

6A J. Moore, Federal Practice ¶ 160.06[4] at 4067–68 (emphasis added).

In the instant case, the intention of the court was clear. The award of pre-judgment interest was neither disputed nor did it require any special finding on the part of the court or jury. This interest may now simply be added to the damage award, in response to plaintiff's instant motion, by directing the clerk to add pre-judgment interest to the jury award from time of death. Unlike *Lee*, it was not "the failure of plaintiffs to bring this statutory entitlement to the attention of the court . . . that created the problem. . . ." The clerk was required under FRCP 58(2) to present the judgment prepared by him to the undersigned judge for approval upon the jury's rendition of its general verdict, and answers to interrogatories. Here, the direction to include pre-judgment interest was simply not made by the court to the clerk's office at the time the clerk presented the judgment to the court for the court's approval. As a result of the court's oversight, pre-judgment interest was not included in the award to plaintiff.

Rule 60(a) is not limited to errors in the clerk's office. "The term 'clerical mistake' does not mean that it must be made by a clerk. . . . It is a type of mistake or omission mechanical in nature which is apparent on the record and which does not involve a legal decision or judgment by an attorney." *In re Merry Queen Transfer Corp.*, 266

F.Supp. 605 (E.D.N.Y.1967). Unfortunately, this type of mistake can be made by the court, as easily as by a clerk. Therefore, under Rule 60(a) "[r]elief may be had from the clerical mistakes of the court, clerk, jury or party." 6A Moore Federal Practice ¶ 60.06[3] at 4057 (2d Ed.). The instant case involves a clerical mistake of the court, hence Rule 60(a) relief is appropriate.

In short, the pre-judgment interest under the facts in the instant case is in the same category as the post-verdict interest awarded in *Lee.* Plaintiff had a right to it, and the amount was to be computed on the award and added to the judgment automatically by the court clerk (at the court's direction). In the opinion of this court, the failure of the court to direct the clerk to make this mandated addition of a mechanically ascertainable amount of interest was a mere ministerial oversight remediable as a clerical error under Rule 60(a). Accordingly, plaintiff's motion for the awarding of pre-judgment interest is granted.

SO ORDERED