Eugene B. GOODMAN,
Plaintiff-Appellee,

and

Sikorsky & Mott, Intervenor-Appellee,

v.

HEUBLEIN, INC. and Heublein International Division of Heublein, Inc.,
Defendants-Appellants.

No. 1046, Docket 81–7875.

United States Court of Appeals,
Second Circuit.

Argued May 10, 1982.

Decided June 11, 1982.

See also 2d Cir. 645 F.2d 127 and 2d Cir. 646 F.2d 560.

Abner W. Sibal, Hartford, Conn. (Farmer, Wells, McGuinn & Sibal, Edward J. Dempsey, Hartford, Conn., of counsel), for defendants-appellants.

Eugene B. Goodman, Baltimore, Md., plaintiff-appellee, pro se.

Robert W. Heagney, Essex, Conn. (Doyle, Austin & Heagney, Thomas C. Austin, Jr., Donald H. Doyle, Jr., Essex, Conn., of counsel), for intervenor-appellee.

Before FEINBERG, Chief Judge, and NEWMAN and WINTER, Circuit Judges.

FEINBERG, Chief Judge:

Defendants Heublein, Inc. and Heublein International Division of Heublein, Inc. (Heublein) appeal from a November 4, 1981 judgment of the United States District Court for the District of Connecticut, T. Emmet Clarie, Ch. J. Pursuant to plaintiff Eugene B. Goodman's motion for interest and costs, the judgment awarded him $24,787.50 in statutory interest and $10,855.77 in supplemental attorney's fees.

This is the second time this case has been in this court. Goodman originally brought suit in 1976, alleging that Heublein had violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634, by failing to promote him to vice-president because of his age and by transferring him out of the country, thus forcing him to leave the company, in retaliation for pressing his age discrimination claim. After a jury trial before Chief Judge Clarie, the jury awarded Goodman $226,200 in compensatory damages and $226,200 in liquidated damages on November 30, 1979. The entry of final judgment was deferred, however, in part to determine whether Goodman was entitled to attorney's fees. After four days of testimony, Chief Judge Clarie awarded Goodman $58,468 in attorney's fees on July 31, 1980. On August 7, 1980, final judgment was entered.

On August 13, 1980, Heublein filed a notice of appeal as to the damages award. Subsequently, Goodman discharged his counsel, Sikorsky & Mott, and proceeded pro se.[1] Sikorsky & Mott filed a notice of appeal on their own behalf on September 5, 1980, claiming the attorney's fees award was too low. Both Goodman and Sikorsky & Mott thereafter moved for additional relief in the district court, but that court denied the motions because it was without jurisdiction due to the pending appeals. This court affirmed the award of attorney's fees by order dated December 31, 1980, 646 F.2d 560 (2d Cir. 1980); subsequently, we affirmed the award of damages in an opinion that appears at 645 F.2d 127 (2d Cir. 1981).

After the determination of the appeals, Goodman and Sikorsky & Mott renewed their motions in the district court for additional relief. The motions sought, among other things, prejudgment interest running from the date of the verdict to the date of the final judgment and supplemental attorney's fees. After holding hearings on the various motions, Chief Judge Clarie rendered the November 4, 1981 decision from which Heublein now appeals.

I.

■ Heublein challenges the award of prejudgment interest on the ground that Goodman failed to comply with the ten-day time limit on motions to alter or amend judgments imposed by Fed.R.Civ.P. 59(e). We agree that failure to comply with Rule 59(e)'s strictures here bars Goodman's claim for prejudgment interest. In *Lee v. Joseph E. Seagram & Sons, Inc.*, 592 F.2d 39 (2d Cir. 1979), this court recognized that Rule 59(e) generally applies to motions for prejudgment interest; otherwise, the finality and repose of judgments would be unduly undermined. See also *Cinerama, Inc. v. Sweet Music, S.A.*, 482 F.2d 66, 69–70 (2d Cir. 1973) (treating undetermined claim for prejudgment interest as separable from

---

1. Heublein claims that Goodman discharged Sikorsky & Mott as counsel on September 4, 1980 while Goodman states that he discharged his former counsel on August 19, 1980. Because this factual dispute is immaterial to our decision, we indicate no view as to the exact date of discharge.

claim for principal in order to allow entry of "final" judgment for latter under Rule 54(b) would violate final judgment rule and unnecessarily burden courts with piecemeal appeals). In *Lee*, we therefore rejected an attempt to avoid the time limit under Rule 59(e) by characterizing the failure to include prejudgment interest as "clerical error" under Fed.R.Civ.P. 60(a).

This court has recognized certain exceptions to this general rule, however. In *Lee* itself, for example, New York law governed the substantive right to prejudgment interest because the action was one in diversity. *Lee v. Joseph E. Seagram & Sons, Inc.*, 592 F.2d at 41 n.2. Under New York law, an award of prejudgment interest from the date of verdict to that of judgment is mandatory, and the clerk of the court should automatically include such an award in the judgment. N.Y.Civ.Prac. Law § 5002. Under these special circumstances, the court deemed the "clerical error" theory viable as to that portion of the prejudgment interest. In *Newburger, Loeb & Co. v. Gross*, 611 F.2d 423 (2d Cir. 1979), the court also recognized that in certain instances, an appellate court could award prejudgment interest sua sponte when a district court's decision as to damages was still open on appeal. *Newburger* also relied on applicable principles of substantive New York law, N.Y.Civ.Prac. Law § 5001(a) in justifying such an exercise of discretion. 611 F.2d at 433–34.

None of the circumstances justifying deviation from Rule 59(e)'s requirements is present here. The award of prejudgment interest under the ADEA is governed by federal, not state, law. See *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 715, 65 S.Ct. 895, 906, 89 L.Ed. 1296 (1945) (right to interest on sums recoverable under Fair Labor Standards Act is question of federal, not local, law); see generally Note, The Age Discrimination in Employment Act of 1967, 90 Harv.L.Rev. 380, 381 (1976) (ADEA incorporates enforcement procedures of Fair Labor Standards Act). Hence, no special provision requiring automatic inclusion of interest from verdict to judgment applies, and the general rule set forth in *Lee*

governs. Also, *Newburger* simply acknowledges the authority of a court of appeals to allow prejudgment interest as to an award still open on appeal. We declined to follow that course on the previous appeal of this case to allow the district court to consider the claim first, 645 F.2d at 132 n.7. However, our prior preference to permit initial consideration by the district court of the procedural question does not oblige us to accept that court's answer. Moreover, when the award was still open, we specifically noted the possibility that prejudgment interest had "been sought too late," id. Thus, in contrast to *Newburger*, the award of damages here has not only been affirmed on appeal but has also been paid. Under all the circumstances, permitting Goodman to circumvent Rule 59(e) would seriously undermine the finality and repose of judgments.

■ In light of the strong interest in protecting the finality of judgments, we hold that Chief Judge Clarie erred in concluding that Rule 54(c) could be used to avoid the time limit under Rule 59(e). Rule 54(c) merely authorizes entry of a judgment that affords the relief to which a plaintiff is entitled, even if he has not requested such relief in his pleadings. Yet, it provides no authority for ignoring the time limits for amending judgments that have already been entered. Goodman argues that we should nevertheless uphold Chief Judge Clarie's decision to waive the ten-day time limit as an exercise of his broad discretion under Fed.R.Civ.P. 60(b)(6). Although Goodman's motion in the district court for prejudgment interest cited both Rule 60(b)(6) and Rule 54(c), Chief Judge Clarie did not refer to the former rule in his decision. Goodman argues, however, that his pro se status constituted an "extraordinary circumstance" justifying an exercise of discretion under Rule 60(b)(6). We need not express a view on that issue, however, because according to Goodman's own brief, he did not discharge Sikorsky & Mott until August 19, 1980. He was therefore represented by counsel during the ten-day period following entry of final judgment on Au-

gust 7. There is thus no merit to the claim of "extraordinary circumstance" justifying waiver of the time limit imposed by Rule 59(e).[2]

To the extent that the prejudgment interest problem here was caused by delay in entering final judgment due to the pending determination of attorney's fees, this difficulty should not recur after the Supreme Court's recent decision in *White v. New Hampshire Department of Employment Security*, —— U.S. ——, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). In *White*, the court made clear that an award of attorney's fees is independent of final judgment; consequently, the need to determine a fee award should in no way affect the requirement that a judgment be entered promptly under Fed.R.Civ.P. 58. A district court should, of course, also follow the suggestion in *White* to expedite inquiries into the appropriateness of awarding attorney's fees in order to "avoid piecemeal appeals," *id.* at ——, 102 S.Ct. at 1168.

## II.

■ Heublein also challenges the award of supplemental attorney's fees. Because Goodman has assigned his interest in attorney's fees to Sikorsky & Mott, he addresses in this court only those issues relating to prejudgment interest. Sikorsky & Mott have consequently moved to intervene to defend the fee award. Heublein opposes the motion and argues that Sikorsky & Mott lack standing to pursue a claim for fees in their own right.[3] We grant the motion to intervene because Goodman can not adequately safeguard Sikorsky & Mott's interest in the fee award, *cf. Phillips v. Tobin*, 548 F.2d 408, 411–15 (2d Cir. 1976) (pro se plaintiff could not adequately pro-

tect interests of corporation in stockholder's derivative action or those of similarly situated individuals in class action). Moreover, permitting intervention here will minimize piecemeal litigation. See *Brennan v. McDonnell Douglas Corp.*, 519 F.2d 718, 720 (8th Cir. 1975), on remand sub nom. *Houghton v. McDonnell Douglas Corp.*, 413 F.Supp. 1230 (E.D.Mo.1976), rev'd and remanded on other grounds, 553 F.2d 561 (8th Cir.), cert. denied, 434 U.S. 966, 98 S.Ct. 506, 54 L.Ed.2d 451 (1977), on remand, 474 F.Supp. 193 (E.D.Mo.1979), rev'd in part and aff'd in part, 627 F.2d 858 (8th Cir. 1980).

In deciding whether Sikorsky & Mott have standing, we note that awards of attorney's fees have played an important role in "encourag[ing] people to seek judicial redress of unlawful discrimination." *Torres v. Sachs*, 538 F.2d 10, 13 (2d Cir. 1976). In *Carpa, Inc. v. Ward Foods, Inc.*, 536 F.2d 39, 52 (5th Cir. 1976), the Fifth Circuit held that there was:

> no statute or public policy denying an antitrust plaintiff the privilege enjoyed by plaintiffs in other cases, that of making an assignment [of the right to fees] to his attorneys in order to secure their services in the prosecution of his case. To deny counsel the fees awarded, and to do so at the instance of an antitrust defendant, would, we think, be inconsistent with the purpose of the statute in allowing, if not encouraging, private enforcement of the antitrust laws.

Here, too, Goodman has assigned his interest in attorney's fees to Sikorsky & Mott. It seems equally inconsistent with the policy of encouraging private enforcement of the age discrimination laws to deny counsel

---

**2.** Because Goodman's motion for prejudgment interest was untimely, we need not reach Heublein's claim that an award of prejudgment interest was precluded by an award of liquidated damages under the ADEA. Compare *Kelly v. American Standard, Inc.*, 640 F.2d 974, 982–83 (9th Cir. 1981) (awards of liquidated damages and prejudgment interest apparently regarded as not necessarily mutually exclusive), with *Spagnuolo v. Whirlpool Corp.*, 641 F.2d 1109, 1114 (4th Cir.), cert. denied, 454 U.S.

860, 102 S.Ct. 316, 70 L.Ed.2d 158 (1981) (liquidated damages award precludes prejudgment interest award).

**3.** In affirming the previous award of attorney's fees by order dated December 31, 1980, this court specifically refused to decide whether Sikorsky & Mott had standing to appeal the award as inadequate. Instead, in the interests of justice, the panel proceeded directly to the merits and affirmed the award.

the opportunity simply to defend a fee award already made. See generally Comment, The Age Discrimination in Employment Act: New Incentive for Private Enforcement, 17 Santa Clara L. Rev. 405, 411 (1977). We therefore conclude that Sikorsky & Mott have standing to answer Heublein's attack on the supplemental counsel fee.

■ Having determined Sikorsky & Mott's status, we proceed to the merits of Heublein's challenges to the award of attorney's fees. Heublein first argues that the motion for fees was untimely under Rule 59(e). This claim must be rejected. In contrast to prejudgment interest, an award of attorney's fees in a civil rights case is not a matter encompassed in a decision on the merits of the action. *White v. New Hampshire Department of Employment Security*, —— U.S. at ——, 102 S.Ct. at 1167, 71 L.Ed.2d 325. The Supreme Court has consequently concluded that application of Rule 59(e) to motions for attorney's fees is "[n]either necessary [n]or desirable to promote finality, judicial economy, or fairness," id. We therefore find that Rule 59(e)'s ten-day time limit presents no bar to this fee award.

■ Heublein next contends that an award of supplemental attorney's fees was barred because the district court's previous award of attorney's fees had already been affirmed on appeal, and this court's mandate should not be disturbed. Moreover, Heublein asserts that the previous award included attorney's fees for the time and effort spent in trying the issue of attorney's fees and therefore no additional fees should be awarded. As Sikorsky & Mott point out, however, the original fee award covered only the period up to January 7, 1980. A significant amount of time was spent establishing the appropriate fee award after that date. Under these circumstances, Chief Judge Clarie did not abuse his discretion in awarding supplemental fees to compensate counsel fully for time expended on the case after January 7. See *Gagne v. Maher*, 594 F.2d 336, 343–44 (2d Cir. 1979), aff'd 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653

(1980) (denying attorney's fees for time spent in obtaining fee award would be inconsistent with purpose of promoting private enforcement of civil rights laws) (determination of attorney's fees lies within sound discretion of trial court); *Defries v. Haarhues*, 488 F.Supp. 1037, 1044–45 (C.D. Ill.1980) (award of attorney's fees to successful plaintiff in ADEA action effectuates its "make whole" policy). We therefore affirm the award of supplemental attorney's fees.

■ In addition, Sikorsky & Mott seek an award of fees for time expended on this appeal. Whether to grant such fees on appeal is a matter within this court's discretion. *Hedrick v. Hercules, Inc.*, 658 F.2d 1088, 1097–98 (5th Cir. 1981); *Kelly v. American Standard, Inc.*, 640 F.2d 974, 986 (9th Cir. 1981); *Cleverly v. Western Electric Co.*, 594 F.2d 638, 643 (8th Cir. 1979) (per curiam), aff'g 450 F.Supp. 507 (W.D.Mo.1978). Sikorsky & Mott have long since ceased to protect Goodman's rights under the ADEA and are simply protecting their own contractual interests. Indeed, the application, in essence, seeks a fee for their attorneys, and a remand to the district court for determination of the amount. The litigation commenced over six years ago, and we believe that it has gone on long enough. Under all the circumstances, we decline to award attorney's fees for the work done on this appeal. Goodman similarly seeks an award of costs and an honorarium for the time spent defending his award of prejudgment interest. Because Goodman did not prevail on appeal, we deny these requests as well.

The judgment of the district court is affirmed with respect to the award of supplemental attorney's fees and reversed with respect to the award of prejudgment interest. Each party shall bear its own costs.