No. 85–586. CAYLOR *v.* CITY OF RED BLUFF ET AL. Ct. App. Cal., 3d App. Dist. Certiorari denied.

JUSTICE WHITE, with whom JUSTICE BRENNAN joins, dissenting.

In *Patsy* v. *Florida Board of Regents*, 457 U. S. 496 (1982), this Court held that exhaustion of state administrative remedies is not a prerequisite to bringing an action in federal court under 42 U. S. C. § 1983. In the present case, the California Court of Appeal held that *Patsy* applies only in the context of a § 1983 suit brought in *federal* court. Because petitioner was suing in a California court for employment discrimination without having exhausted the possibility of remedies through a complaint to the California Fair Employment Practices Commission, his § 1983 suit was held properly dismissed. This holding postponing the federal

§ 1983 remedy pending pursuit of state remedies is questionable under *Patsy*, and conflicts with the decision of the Connecticut Supreme Court in *Fetterman* v. *University of Connecticut*, 192 Conn. 539, 473 A. 2d 1176 (1984), where *Patsy* was held to prevent state as well as federal courts from imposing a requirement of exhaustion of state administrative remedies on § 1983 plaintiffs. I would grant certiorari to resolve this conflict.