KEARSE, Circuit Judge:
Defendants Joseph Lefrak and his law firm, Lefrak Newman & Myerson (“Lefrak Newman”), appeal from a judgment entered in the United States District Court for the Southern District of New York in June 1985, amending a final judgment of the court entered in March 1984 (“1984 Judgment”) against Lefrak and the predecessor firm of Lefrak Newman (hereinafter also referred to as “Lefrak Newman”), in order to include an award of prejudgment interest to plaintiff Lawson F. Bernstein, Trustee in Bankruptcy of Frigitemp Corporation (the “Trustee”). The order directing amendment of the 1984 Judgment was granted by then-Judge Abraham D. Sofaer upon the Trustee’s motion for “clarification” of the 1984 Judgment. On appeal, defendants contend that the motion for clarification should have been denied as an untimely attempt to amend, rather than simply to clarify, the 1984 Judgment. We agree and vacate the judgment.
BACKGROUND
This action was commenced some years ago by the Trustee to avoid as preferences certain payments made by Frigitemp Corporation (“Frigitemp”) to creditors bfefore it filed for bankruptcy. In 1983, the district court held that payments of $52,825.00 by Frigitemp to Lefrak Newman in 1978 for legal services constituted a voidable preference under § 60 of the Bankruptcy Act of 1898, 11 U.S.C. § 96 (1976), and it ordered the entry of judgment against Lef-rak and Lefrak Newman in this amount. After entry of an amending order in 1984, reducing this amount to $46,071.25, the 1984 Judgment was entered on March 1, 1984, and was affirmed by this Court. 753 F.2d 230 (2d Cir.1985). Although the Trustee had requested prejudgment interest in his complaint, neither the 1984 Judgment nor the orders that preceded it awarded such interest. •
Following the conclusion of the appeal from the 1984 Judgment, the Trustee and Lefrak Newman exchanged communications looking toward satisfaction of the 1984 Judgment. In order to avoid having the Trustee contact the firm’s clients in an effort to collect the debt by levying on the firm’s accounts receivable, Lefrak Newman offered in February 1985 to hold in trust for the Trustee two of its accounts receivable which it believed would be paid shortly and would be sufficient “to satisfy your judgment against this firm in the principal amount of $46,071.25 plus interest.” One *326 month later, Lefrak Newman sent the Trustee a check in the amount of $50,000 for “full payment of the principal portion of the judgment in the amount of $46,-071.25 and the balance towards interest which has accrued on this judgment.” The letter also enclosed a sealed envelope containing the name and amount of an account receivable that Lefrak Newman pledged to satisfy the remainder of the interest obligation. The Trustee was empowered to collect the receivable from the client identified only if Lefrak Newman had not satisfied its remaining interest obligation by May 15, 1985. It is apparently undisputed that up until this point, both the Trustee and defendants believed that the 1984 Judgment required defendants to pay prejudgment interest.
Several days prior to the May 15, 1985 deadline, however, when the Trustee sought to inform Lefrak Newman of the precise amount of interest due, Lefrak Newman informed the Trustee that the 1984 Judgment and the orders that preceded it contained no award of prejudgment interest. Defendants therefore declined to pay any such interest and requested that the Trustee give them a satisfaction of judgment in light of the $50,000 already paid. The Trustee refused, and on May 20, 1985, he moved in the district court for
an order clarifying that the Memorandum and Order of the Court dated February 21, 1984 (as amending orders dated November 29, 1983 and January 3, 1984) provides that the judgment against [Lef-rak and Lefrak Newman] in the amount of $46,071.25 is to bear judgment rate interest from May 28, 1981, the date the Complaint was served on defendants, until the date the judgment is satisfied....
The district court granted this motion in a brief order, the text of which was as follows:
Upon the motion of the plaintiff for clarification of the terms of the Judgment herein in favor of the plaintiff against the defendants [Lefrak and Lef-rak Newman], it is
Ordered that on the judgment of $46,-071.25 in favor of the plaintiff against [Lefrak and Lefrak Newman] the Clerk of this Court shall note that the judgment shall bear interest at 6% per annum on $46,071.25 from May 28, 1981 to and including June 24, 1981 and shall bear interest on that amount after that date at the rate of 9% per annum.
(Order of Judge Sofaer dated June 4, 1985 (“1985 Order”).) Thereafter, judgment was entered by the Part I judge in accordance with this order, and this appeal followed.
DISCUSSION
On appeal, defendants challenge the court’s decision to “clarif[y]” the 1984 Judgment on the ground that the so-called “clarification” was not authorized under the Federal Rules of Civil Procedure. They argue that the omission from the 1984 Judgment of an award of prejudgment interest was not merely a clerical mistake that could be corrected under Fed. R.Civ.P. 60(a); and they point out that the motion was not made within the time limits provided by either Fed.R.Civ.P. 59(e) (motion to alter or amend judgment must be served within 10 days of entry of judgment) or Fed.R.Civ.P. 60(b)(1) (motion to vacate judgment on grounds of mistake, inadvertence, or excusable neglect must be made within one year of entry of judgment), which are the only other Rules that might have authorized relief. The Trustee concedes that the motion was not timely under Rules 59(e) and 60(b)(1) but contends that the court had discretion to “clarify” the judgment pursuant to Rule 60(a) to reflect the court’s intention. Thus, the sole question presented by this appeal is whether the 1984 Judgment’s failure to award prejudgment interest is properly to be regarded as a “clerical mistake” that may be corrected under Rule 60(a). We conclude that, in light of our precedents, this question must be answered in the negative.
Inherent in the provisions of Rules 59 and 60 for the modification of judgments is a tension between two goals: (1) that of ensuring that the court’s judgment reflect *327 an appropriate adjudication of the rights and obligations of the parties, and (2) that of finally terminating the litigation in order to provide the parties with certainty as to the nature and extent of their rights and obligations as adjudicated. To these ends, these Rules weigh the value of finality and repose against the various grounds that a party may have for moving to alter a judgment, and they place varying limitations on the time within which such motions may be made. In general, the more clearly it appears that the ground is one upon which the judgment should be altered, the longer the time within which the motion is permitted; by the same token, the more prompt the motion, the more grounds that may be arguéd. For example, if a motion to alter the judgment is served within 10 days after entry of the judgment, it may be made on any ground, see Rule 59(e); if the ground of the motion is one such as mistake, inadvertence, fraud, or newly discovered evidence, it must be made within one year of entry of the judgment, see Rule 60(b)(1), (2), (3); if the ground is, for example, that the judgment is void or that it is no longer equitable that it have prospective application, the motion must be made within time that is “reasonable” in the circumstances, see Rule 60(b)(4), (5).
Rule 60(a) provides that “[cjlerical mistakes in judgments ... arising from oversight or omission may be corrected by the court at any time.... ” The rationale for the provision that a motion to correct a clerical error may be made “at any time” is that the judgment simply has not accurately reflected the way in which the rights and obligations of the parties have in fact been adjudicated. In those circumstances, the goals of finality and repose are outweighed by the equitable goal of allowing a party who has in fact established his right to relief to receive that relief.
In recognition of this accommodation between the goal of finality and that of accurate reflection of the adjudication of rights, this Court has ruled that a motion pursuant to Rule 60(a) for the “correctponj” of a judgment in order to provide for an award of prejudgment interest may be granted only where the judgment has failed accurately to reflect the actual decision of the decisionmaker to award such interest or where the judgment has failed to include an amount of interest that the governing law requires to be automatically included in the judgment. Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41-42 (2d Cir.1979); accord Goodman v. Heublein, Inc., 682 F.2d 44, 46 (2d Cir.1982).
In Lee, the plaintiff had won a jury verdict on which judgment was eventually entered; neither the verdict nor the judgment made provision for prejudgment interest. Some two years after the judgment was entered, Lee successfully moved for an order pursuant to Rule 60(a) amending the judgment to provide for prejudgment interest. We ruled that the Rule 60(a) order had been improperly entered to the extent that it amended the judgment to include interest for a period prior to the date of the jury’s verdict. While we recognized the possibility that a failure to include prejudgment interest could constitute a clerical error if the actual decision of the decision-maker had been to grant such interest and the judgment failed to reflect that decision, we reasoned that a judgment that accurately reflected the decision of the court or jury as rendered could not properly be said to contain a “clerical” error within the meaning of Rule 60(a). Id. at 43-44. We found that since the Lee jury’s verdict had not included an award of prejudgment interest, the judgment omitting such an award accurately reflected that verdict, and the omission of an award of such interest could not be considered a clerical error: “It is quite apparent that as to this amount no clerical mistake or error occurred.” Id. at 42. In contrast, we concluded that the Rule 60(a) motion was properly granted to the extent that it sought inclusion of interest for the period between the date of the jury’s verdict and the date of the judgment, because under New York law, which governed, the court clerk was required automatically to include interest for that period in the judgment.
*328 The general principle established by-Lee does not foreclose adding prejudgment interest in a new judgment where the initial judgment is not affirmed on appeal. Thus, a motion for prejudgment interest may be granted when the initial judgment is vacated on appeal and the case is remanded for a recalculation of damages, see Adams v. Lindblad Travel, Inc., 730 F.2d 89, 93-94 (2d Cir.1984); and the appellate court may award such interest sua sponte in the interests of justice, see Newburger, Loeb & Co. v. Gross, 611 F.2d 423, 433-34 (2d Cir.1979). Adams and Newberger have no application here since the 1984 Judgment was affirmed on appeal.
The general principle enunciated in Lee requires that we vacate the judgment appealed from here. There is no clear indication in the record that when the district court ruled on the Trustee’s preference claims, it decided to grant prejudgment interest. There was no provision for such interest in any of the court’s prejudgment orders. Even when it granted the Trustee’s Rule 60(a) motion, the court did not state that it had intended to make such an award in any of its orders directing entry of judgment. We cannot attribute to the court’s use of the term “clarification” in the 1985 Order any significance other than its reflection of the way in which the Trustee had styled his motion. Since the 1984 Judgment accurately reflected the court’s decision as revealed in its orders directing the entry of judgment, the Judgment’s failure to award prejudgment interest cannot be termed a mere clerical error.
The Trustee attempts to distinguish Lee on three bases: (1) that Lee involved a jury verdict, which is less amenable to post-judgment reconsideration than is a decision by the court after a bench trial; (2) that the state law provision allowing prejudgment interest in Lee did not fix the date from which such interest should run, whereas the bankruptcy laws under which the Trustee requested such interest specified that date; and (3) that the plaintiff in Lee, unlike the Trustee, did not request prejudgment interest in his complaint. These distinctions are immaterial. The effect of the first two is merely that any error of the decisionmaker in failing to provide for prejudgment interest would be somewhat easier here than in Lee to correct after the fact. Neither circumstance means that the failure of the decisionmaker to award prejudgment interest is an error of the type that may be corrected pursuant to Rule 60(a). The last suggested distinction, i.e., that here, unlike Lee, there was a specific request for prejudgment interest, is likewise unpersuasive. Such requests obviously may be overlooked or denied, and the absence of a provision for prejudgment interest in any of the court’s prejudgment orders is entirely consistent with the hypothesis that the court either was unaware of the request or intended simply to deny it. In either case, the failure of the 1984 Judgment to award such interest is an accurate reflection of the court’s decision.
Nor are we persuaded by the Trustee’s argument that the equities here favor disregard of the policies of finality and repose because, since the complaint had requested prejudgment interest and defendants had believed the Judgment did provide for such interest, defendants had no legitimate expectation that they would not have to pay such interest. Defendants may well have expected to pay such interest, but in fact there was no order or judgment requiring them to do so. Had the Trustee simply taken care to determine whether all of the relief he requested, if not expressly denied, had in fact been granted by the court, he could have moved to alter the judgment within the time periods provided by Rule 59(e) or Rule 60(b).
CONCLUSION
The judgment modifying the 1984 Judgment is vacated and the cause is remanded for reentry of the 1984 Judgment as originally entered. No costs.