No. 86–5520.   ROSENTHAL *v.* ROSENTHAL.   Ct. App. Wis. Certiorari denied.

No. 85–2034.   KRAMER *v.* HORTON ET AL.   Sup. Ct. Wis. Certiorari denied.

JUSTICE WHITE, dissenting.

This case presents the issue whether exhaustion of state administrative remedies is a prerequisite to bringing an action in state court under 42 U. S. C. § 1983. In this case, the Wisconsin Supreme Court held that state administrative remedies must be exhausted before bringing an action under § 1983 in Wisconsin state courts. 128 Wis. 2d 404, 383 N. W. 2d 54 (1986). For the reasons stated in my previous dissent from denial of certiorari in *Caylor* v. *Red Bluff*, 474 U. S. 1037 (1985), I would grant certiorari.

No. 85–2115.   WHITTAKER CORP. *v.* JENKINS.   C. A. 9th Cir. Certiorari denied.

JUSTICE WHITE, with whom THE CHIEF JUSTICE joins, dissenting.

The respondents in this case first moved for prejudgment interest 30 days after the entry of judgment in their favor. The District Court treated the motion as one to alter or amend the judgment, and denied it as untimely because it was not filed within 10 days of the entry of judgment. See Fed. Rule Civ. Proc. 59(e). The United States Court of Appeals for the Ninth Circuit reversed, holding that a motion for prejudgment interest made for the first time after entry of judgment is not a Rule 59(e) motion but a general motion governed by Federal Rule of Civil Procedure 7. 785 F. 2d 720, 723 (1986). This holding conflicts with *Goodman* v. *Heublein, Inc.*, 682 F. 2d 44, 45–47 (CA2 1982). I would grant certiorari to resolve this conflict.