22-1263-cv
*Harrison v. Port Auth. of N.Y. & N.J.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of January, two thousand twenty-four.

Present:

> GERARD E. LYNCH,
> WILLIAM J. NARDINI,
> SARAH A. L. MERRIAM,
> *Circuit Judges*.

---

THERESA HARRISON,

> *Plaintiff-Appellant*,

v.                                                          22-1263-cv

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,

> *Defendant-Appellee*.

---

| | |
|---|---|
| For Plaintiff-Appellant: | LISA ALEXIS JONES, Leech Tishman Fuscaldo & Lampl, LLC, New York, NY |
| For Defendant-Appellee: | CHERYL N. ALTERMAN (Megan Lee, *on the brief*), The Port Authority of New York and New Jersey, New York, NY |

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Theresa Harrison appeals from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *District Judge*), entered on May 10, 2022, dismissing her complaint based on a jury verdict for Defendant-Appellee the Port Authority of New York and New Jersey. Beginning on August 22, 2016, Harrison served as a probationary employee for the Port Authority, performing various responsibilities at Newark Airport. On December 23, 2016, the Port Authority terminated Harrison's employment, because according to the Port Authority, Harrison had committed a runway incursion the previous day. Specifically, the Port Authority claimed that Harrison drove a vehicle onto an active runway, causing an airplane to abort its landing. Following her termination, Harrison sued the Port Authority under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, alleging that it unlawfully fired her because of her race, national origin, and/or gender. In May 2022, a jury returned a verdict in favor of the Port Authority, finding that the Port Authority did not wrongfully terminate Harrison's employment in violation of Title VII. Harrison appealed. We assume the parties' familiarity with the case.

## I. Sufficiency of the Evidence

Harrison first argues that she proffered substantial evidence at trial to support a verdict in her favor. Appellant's Br. at 23. But the argument that a jury *could* have found for her is not a basis to vacate the judgment or remand for a new trial. To the extent Harrison means to argue that the evidence was *insufficient* to support the jury's verdict, and requests that the judgment be vacated and the case remanded for a new trial, we disagree. Insofar as Harrison requests judgment

2

as a matter of law ("JMOL") pursuant to Federal Rule of Civil Procedure 50, "[i]t is well established that a party is not entitled to challenge on appeal the sufficiency of the evidence to support the jury's verdict on a given issue unless it has timely moved in the district court for judgment as a matter of law on that issue." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 164 (2d Cir. 1998).[1]  Here, Harrison failed to make a pre-verdict motion for JMOL under Rule 50(a), nor did she file a post-verdict motion for JMOL under Rule 50(b).  *See* Fed. R. Civ. P. 50(a)(2), (b). Accordingly, "JMOL may not properly be . . . ordered by the appellate court unless that action is required in order to prevent manifest injustice." *Lore v. City of Syracuse*, 670 F.3d 127, 153 (2d Cir. 2012).

Harrison has not shown that it would be manifestly unjust for the jury verdict to stand.  As an initial matter, Harrison was represented by counsel at trial, and has not offered any reason—let alone a persuasive reason—as to why she did not move for JMOL in the district court. Furthermore, the jury's verdict was clearly supported by sufficient evidence.  For example, the Port Authority presented evidence from which a reasonable jury could conclude that Harrison committed the runway incursion, did not realize she did so, and did not take immediate corrective steps or understand the serious safety ramifications of the incursion.  Furthermore, the Port Authority presented evidence from which a jury could conclude that the circumstances surrounding the runway incursion of an alleged male comparator who was not fired were substantially different.  Specifically, unlike Harrison's, the comparator's incursion occurred in the middle of a blizzard, and he immediately reported the incident.  Therefore, absent a manifest injustice, we find no basis to order JMOL.

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alteration marks, footnotes, and citations.

To the extent Harrison seeks a new trial pursuant to Federal Rule of Civil Procedure 59, she never moved before the district court for a new trial, as required by that rule. *See* Fed. R. Civ. P. 59(a)(1), (b). "In light of the strong interest in protecting the finality of judgments," failure to comply with Rule 59's requirements bars a claim for a new trial. *Goodman v. Heublein, Inc.*, 682 F.2d 44, 46 (2d Cir. 1982). We therefore reject Harrison's request for a new trial as untimely.

## II.     Trial Time Limit

Harrison next argues that the district court's time limit of six hours (excluding summations) for each side to present its case violated her substantive rights and denied her a fair trial. Harrison did not object to the time limit before, during, or after trial, despite several opportunities to do so. Harrison has therefore forfeited this argument because she "fail[ed] to make the timely assertion of a right when procedurally appropriate." *United States v. Graham*, 51 F.4th 67, 80 (2d Cir. 2022).

Because Harrison failed to object, we apply a "plain error" standard of review. *Cruz v. Jordan*, 357 F.3d 269, 271 (2d Cir. 2004). On plain error review, we "will only grant relief if there was (1) error, (2) that is plain, (3) that affects substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 237 (2d Cir. 2020). We have emphasized that "[a] reviewing court should overturn a lower court's decision on plain error review only . . . with *extreme caution* in the civil context," and we "typically will not find plain error where the operative legal question is unsettled." *Id.* (emphasis added). This standard of review controls this case. Not only does Harrison fail to make any arguments that the plain error standard was met, which is dispositive on its own, but we conclude there is no plain error under the circumstances.

Even assuming *arguendo* that the six-hour time limit was error, and there are reasons to think it was not,[2] Harrison has not demonstrated that any error was plain. Six hours per side for the presentation of evidence is not clearly or obviously insufficient in a case which both sides agree involved only one issue at trial, which was whether the Port Authority's justifications for terminating Harrison—namely, "her inability to master the airfield and maintain situational awareness," culminating in a runway incursion—were pretextual reasons to terminate her, with the real reason being discriminatory animus. Joint Appendix ("J.A.") at 586; *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973) (establishing the burden-shifting framework for Title VII claims). Moreover, Harrison points to no factually analogous precedent, nor could we find any, that suggests that a six-hour time limit was contrary to clearly established law. District courts have the inherent authority and discretion "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," *Palmieri v. Defaria*, 88 F.3d 136, 140 (2d Cir. 1996), which extends to "establishing a reasonable limit on the time allowed to present evidence," Fed. R. Civ. P. 16(c)(2)(O). Accordingly, under these circumstances, the district court did not commit plain error in enforcing a six-hour time limit on the presentation of evidence.

### III.     Impeachment Evidence

Lastly, Harrison claims that the district court abused its discretion by not allowing her to cross-examine the assistant chief of operations at Newark Airport with evidence that he allegedly failed to report a runway incursion to the Federal Aviation Administration in 2020 and was suspended because of it. "We review a district court's evidentiary rulings under a deferential abuse

---

[2] All but one of the witnesses Harrison wanted to call were available during trial, and all testified. And regarding the unavailable witness, the district court granted Harrison permission to read in some of his deposition testimony, *see Harrison v. Port Authority of N.Y. & N.J.*, No. 17-cv-06281, ECF No. 144 (S.D.N.Y. May 3, 2022), which Harrison ultimately elected not to do, *see* J.A. at 345.

of discretion standard and will not disturb such rulings unless they are manifestly erroneous." *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC*, 467 F.3d 107, 119 (2d Cir. 2006).

We agree with the district court that the evidence Harrison sought to introduce was not, as she repeatedly argues, impeachment evidence. Impeachment evidence is "evidence that is offered to discredit a witness . . . [and] to reduce the effectiveness of her testimony by bringing forth evidence which explains why the jury should not put faith in her . . . testimony." *Friedman v. Rehal*, 618 F.3d 142, 153 (2d Cir. 2010); *see* Fed. R. Evid. 608(b). At no point before the district court or this Court has Harrison explained how the excluded evidence would have undercut the assistant chief's credibility, such as by showing a motive to lie or demonstrating that he had made prior statements inconsistent with his trial testimony. To the contrary, Harrison effectively concedes that the excluded evidence would have been used as comparator evidence to prove the merits of her claim, that is, the Port Authority's alleged discriminatory animus. *See* Appellant's Br. at 38. Harrison did not notify the district court or the Port Authority that she intended to use this evidence until the middle of the trial, long after discovery had concluded, nor did she identify the specific documents or testimony she intended to use. Thus, the district court did not abuse its broad discretion in determining that the alleged comparator evidence should be precluded both because Harrison provided no showing that the proposed comparator was similarly situated and because the Port Authority was not sufficiently put on notice of this evidence during discovery.

\* \* \*

We have considered all of Harrison's remaining arguments and find them unpersuasive. For the reasons stated above, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

6